JOHN E. Dow, impleaded with WILLIAM DOW, Pltff in Erorr, *v.* SAMUEL RATTLE, Deft in Error.

### ERROR TO McHENRY.

It is error to enter a final judgment, before disposing of the issue tendered by a plea.
It is error to enter a judgment against one of several defendants, without disposing of the case as to the others.
Where there are several defendants before the Court, the case has to be tried as to all, before any final judgment can be properly entered.

This was an action of assumpsit, brought by Rattle in the Circuit Court of Mc Henry county. The declaration contained a count upon an endorsed note, and the common counts. The process issued against John E. Dow, and William Dow. The return showed service on John E. Dow, William Dow not being found.

A demurrer was filed to the first count of the declaration, averring, "And the said defendants comes and defends and says," &c., and that the "plaintiff ought not to have his action against them, and that they are not bound," &c., signed C. McClure, Defts. Atty. plea of the general issue was filed by both defendants, to the remainder of the declaration. Issue was joined to the demurrer and plea. The demurrer was overruled. The defendants stood by their demurrer, and the Clerk assessed the damages of plaintiff at two hundred and twenty-eight dollars and thirty-nine cents, and judgment was rendered against John E. Dow, for that amount. No notice was taken of the other defendant or of the plea of the general issue.

John E. Dow, sued out this writ of error, and assigns the following grounds of error. The overruling of the demurrer. The rendition of the judgment against John E. Dow, on the demurrer, when the demurrer had been filed by the defendants jointly. The rendition of the final judgment, without disposing of the plea of the general issue.

C. McCLURE, for Pltff in Error.

JAMES LOOP, for Deft in Error.

TREAT, C. J. Assumpsit against two; one only served with process. The defendants demurred to the first count, and pleaded non-assumpsit to the second. The Court overruled the demurrer, and without noticing the plea, rendered judgment

against the defendant served with process. That judgment must be reversed on two grounds. It was error to enter final judgment for the plaintiff, before disposing of the issue tendered by the plea. It was also error to enter judgment against one of the defendants, without disposing of the case as to the other. Both were before the Court, and the case had to be tried as to both, before any final judgment could properly be entered.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*