## Patton *vs.* Shanklin.

### ERROR TO GREENUP CIRCUIT.

ORD. PET.

14bm 1?
f103 630

Case 6.

1. That a paper on which a note was afterwards written was blank when signed and delivered to a co-obligor, and that it was filled up and embracing a promise to pay eight per cent. interest presents no good defense to a suit on the note.

2. The Code of Practice, sec. 411, provides for the rendering a judgment against one defendant while the case may remain as to others.

3. A plea by a surety relying upon the fact that the principal paid the creditor usurious interest for indulgence beyond the day of payment, must aver the payment of the whole usurious interest in advance.

PATTON
vs.
SHANKLIN.

June 13.
Case stated.

Judge Simpson delivered the opinion of the court.

Shanklin brought an action by ordinary petition against Allison and Patton on a note for one thousand dollars.

The process was served on Patton but not upon Allison, and the former appeared and filed an answer setting forth two grounds of defense, each stated in a separate paragraph. The first ground of defense was, that the defendant was merely the surety of his co-obligor Allison in the note sued on, and that without his knowledge or consent, the plaintiff was induced to give Allison a longer day for payment than the day on which the note fell due, on a promise by the latter to pay to the former a greater interest than six per cent. per annum, and by a payment of $——— towards that interest.

The second ground was, that the note sued on was blank when signed by the defendant and delivered to Allison, having no payee, or sum, or date named in it, and that the agreement in the note to pay eight per cent. interest was inserted without his knowledge or consent.

1. That a paper on which a note was afterwards written was blank when signed and delivered to a co-obligor, and that it was filled up and embracing a promise to pay 8 per cent. interest, presents no good defense to a suit on the note.

A demurrer to the latter ground of defense was filed and sustained, and thereupon the court rendered a judgment for the plaintiff for the amount of the note, without regarding or making any disposition, either of the first ground of defense contained in the defendant's answer, or a motion which he had made to transfer the issue therein presented to the equity docket.

The second ground of defense was clearly invalid, and the demurrer to that part of the answer was properly sustained. The execution of the note in blank, was an authority to fill it up by the insertion of the sum borrowed, and the name of the person as payee from whom the money was obtained. And if it be conceded that it did not authorize the note to be filled up for the payment of a greater rate of interest than six per cent., still as the promise which it contains to pay eight per cent. is void, and cannot be en-

forced, the authority has not been exceeded to the prejudice of the surety, as the note only binds him for the payment of legal interest.

But it is contended, that even if it were right to sustain the demurrer, the court erred in rendering a judgment against this defendant, without having first made some disposition of the case so far as the other defendant was concerned, and without having disposed of the other ground of defense in the answer, and also the motion to transfer it to the equity docket.

By sec. 411, of the Code of Practice, it is provided, that in an action against several defendants, the court may, in its discretion, render a judgment against one, leaving the action to proceed against the others. As no order was made as to the other defendant, the action is still pending against him, and the court had a right to render a judgment against one, and continue the action as to the other; although no order of continuance seems to have been entered, yet the action stood continued by operation of law.

If then, the other ground of defence relied upon was insufficient, the court had a right to disregard both it, and the motion made by the defendant to transfer it to the equity docket, and to enter a judgment against him for the debt sued for.

That part of the answer was insufficient for several reasons. It failed to aver that the plaintiff knew that the defendant was only a surety in the note sued upon. The statement that $—— of the usury that had been promised as the consideration of the indulgence granted, had been paid, did not in fact show the payment of any amount whatever, and if it had, it would not be sufficient, inasmuch as it is necessary where the consideration relied on is usury, to allege and prove the payment of the whole of it in advance. Its payment cannot be enforced, and where the promise to pay usury, and not the payment thereof, constitutes the consideration relied on, it is wholly illegal and invalid, although it may have been partially executed, because its full execution cannot be enforced,

*Margin notes:*

PATTON vs. SHANKLIN.

2. The Code of Practice, section 411, provides for the rendering a judgment against one defendant while the case may remain as to others.

3. A plea by a surety relying upon the fact that principal paid the creditor usurious interest for indulgence beyond the day of payment must aver the payment of the whole usurious interest in advance.

and therefore the contract for indulgence is not obligatory on either party. *Anderson v. Mannon*, 7 *B. Monroe*, 217. ·

HARLAN for plaintiff; H. TAYLOR for defendant.