JAY N. FAULK

*v.*

JOHN W. KELLUMS.

1. EVIDENCE—*admissibility.*   In reviewing the action of the circuit court upon questions of objection to certain testimony, this court say, the case was one in which great latitude of examination and cross-examination was allowable, forgery being charged on the one party and perjury on the other;

and it is impossible, in such cases, to mark out by definite boundaries, the field of inquiry proper to be traversed.

2. SEVERAL DEFENDANTS—*judgment must be against all or none.* In actions on contracts against two or more, and all are served with process, judgment must be rendered against all or none.

3. SAME—*exception to the rule.* The exception to this rule is where the defense is personal, as infancy, bankruptcy, and the like.

4. So in an action on a contract against two defendants, where both are served with process and but one pleads to the action, it is improper to enter judgment against the party pleading, and not against his co-defendant. The latter should be defaulted, when the same jury could assess the damages against him, and so final judgment be entered against both defendants.

5. JUDGMENT—*its requisites.* An entry was made upon the verdict of a jury as follows: " whereupon the court enters judgment upon the finding:" *Held* insufficient, as having no element of a judgment other than a bare recognition of the finding of the jury, no action of the court being had upon that finding.

6. VERDICT—*may be put in form by the court.* It is competent for the court to give proper form to the finding of a jury, in their presence, and with their assent, and even without such assent.

APPEAL from the Circuit Court of Clay county; the Hon. RICHARD S. CANBY, Judge, presiding.

The opinion states the case.

Mr. W. B. COOPER, for the appellant.

Mr. O. B. FICKLIN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass on the case on promises, brought to the Effingham circuit court by John W. Kellums, against Jay N. Faulk and Andrew M. Kirkpatrick, on a promissory note. Both defendants were duly served with process. Faulk alone pleaded to the action, non-assumpsit, and a plea sworn to, that he did not execute the note.

The defendants then filed their petition for a change of venue, both signing the same, and both making affidavit of its truth, and the venue was changed to the county of Clay, where a trial was had on the issues made on the pleas of Faulk, and a verdict returned for the plaintiff for the amount of the note and interest, being $4493.

On exception taken by the defendant to the form of this verdict, the court, in presence of the jury, and with their assent, put it in this form: " We, the jury, find in favor of the plaintiff, and assess his damages at the sum of $4493."

This was also excepted to by the defendant. A motion was then made by the defendants, " by their counsel," for a new trial, and in arrest of judgment, which motions were severally denied, to which " the defendants, by their counsel," excepted.

Then follows this entry: " whereupon the court enters judgment upon the verdict, and now come the said defendants, by their attorneys, and pray an appeal, which is granted," etc.

On the same day, after the order allowing an appeal, is this entry on the record : " And again come the defendants, by their attorneys, and move the court that judgment be entered for the defendants, *non obstante veredicto,*" which motion was overruled and exception taken.

The appeal bond recites a judgment against the above bounden Jay N. Faulk, impleaded with Andrew M. Kirkpatrick, for the sum of $4493.

To reverse the judgment Faulk appeals, assigning various errors, the most of which go to the action of the court on questions of objection to certain testimony, raised by appellant. It was a case in which great latitude of examination and cross-examination was allowable, forgery being charged on the one party, and perjury on the other.

It is impossible, in such cases, to mark out by definite boundaries, the field of inquiry proper to be traversed, and in our examination of the extent to which witnesses were permitted to go, and the topics started for inquiry, we find nothing on either side calling for the exercise of the supervisory power of this court.

Nor do we find any substantial objections to the manner in which the court disposed of the instructions, or putting the verdict in form. We give no opinion on the motion for a new trial, as that would involve a consideration of the evidence, whereby the rights of the parties might be prejudiced on another trial, to which this cause must go, for a reason which can not be got over. It is this. The action was against two makers of a promissory note, and process served on both. A plea was filed by one only, and the cause proceeded to trial and judgment against him alone, no step or proceeding being taken against the other defendant served with process. The rule is inflexible that in actions on contract against two or more, and all are served with process, judgment must go against all or none, for, as a contract is indivisible, so is the judgment thereon. In *Dow*, impleaded, etc. v. *Rattle*, 12 Ill. 373, this court said, it was error to enter judgment against one of the defendants without disposing of the case as to the other. Both were before the court, and the case had to be tried as to both, before any final judgment could be pronounced. To the same effect is *Davidson, Admx.* v. *Bond et al.* ib. 84, and *Briggs* v. *Adams*, 31 ib. 486, and such is the universal rule at common law. The exception is where the defense is personal, as infancy, or bankruptcy and the like. The case could be disposed of against Kirkpatrick only by defaulting him, and the same jury which tried the issue made up by Faulk, could assess the damages against the defaulting party, and so final judgment be entered against both defendants.

It is to be regretted, a cause the investigation of which has consumed so much time, occasioning much expense, should be reversed for the reason given, but such is the law, and it is founded on the good reason that a contract is not divisible—a recovery upon it must be against all or none.

There is also an objection to the form of this judgment, if judgment it may be called, which is well taken. The *ideo consideratum est.* is wanting—it has no element of a judgment other than a bare recognition of the finding of the jury. No action of the court was had upon that finding.

We omitted to say in the proper place, there was no error by the court in giving proper form to the finding of the jury in their presence, and with their assent, and even without such assent, as it did not change their finding—it only gave it the proper form.

For the reason given, the judgment is reversed and the cause remanded.

*Judgment reversed.*