63   519
41a 418
63   519
62a 184

## KIMBALL & WARD

*v.*

## ZENAS TANNER.

1. PRACTICE—*where there are two defendants.* In an action on a contract against two defendants, where both were served with process, only one of them pleaded. Upon issue joined, a trial was had before the court by consent, and judgment was formally rendered against one defendant without any notice of the other. A motion for a new trial was then made, after which the court ordered the other defendant to be called and entered his default and assessed the damages against him, and then overruled the motion for a new trial and rendered judgment against both defendants: *Held,* that such practice was irregular. The default of the defendant who had filed no plea should have been entered before the rendition of judgment against his co-defendant, and then upon the trial judgment should have been entered against both in the first place. The contract, so far as indicated by the pleadings, being indivisible, the judgment should have been against both defendants or neither of them, and the defendant who had pleaded could not, by such action of the court subsequent to the rendition

of the judgment against him, be deprived of the benefit of the error which had been committed, and his motion for a new trial should have been allowed.

2. An entire judgment against two defendants must be reversed or affirmed *in toto.* There can not be a reversal as to one and an affirmance as to the other.

APPEAL from the Circuit Court of Massac county; the Hon. DAVID J. BAKER, Judge, presiding.

This was an action upon a contract against two defendants, both of whom were served with process. The irregularity in the judgment is set forth in the opinion of the court.

Messrs. ARMSTRONG & THOMAS, and Messrs. GREEN & GILBERT, for the appellants.

Mr. T. B. TANNER, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Both defendants, in the court below, were served, but only one pleaded. The plea was the general issue.

Upon issue joined, a trial was had before the court by consent, and judgment was formally rendered against one defendant, without any notice of the other. A motion for a new trial was then made.

After that motion the court ordered the other defendant to be called, and entered his default and assessed the damages against him, and then overruled the motion for a new trial, and rendered judgment against both defendants.

This proceeding was, beyond any question, irregular. The default of the defendant who had filed no plea should have been entered before the rendition of the judgment against his co-defendant, and then upon the trial judgment should have been entered against both in the first place. So far as indicated by the pleadings, the contract was indivisible, and the

judgment should have been against both defendants or neither of them. *Faulk* v. *Kellums*, 54 Ill. 188.

The defendant who had pleaded was entitled to the benefit of the error committed, and a new trial should have been awarded.

The judgment is erroneous as to the defendant who had pleaded. As it is an entirety, it must be reversed or affirmed *in toto*. There can not be a reversal as to one, and an affirmance as to the other. *Cruikshank* v. *Gardner*, 2 Hill, 333; *Sheldon* v. *Quinlen*, 5 Hill, 441.

The judgment is reversed and the cause remanded.

*Judgment reversed.*