## BISSELL ET AL. v. CUSHMAN.

Where there are several defendants all served, final judgment against one or more cannot be entered without disposing of the case as to all.

*Error to District Court of Gilpin County.*

THE facts are stated in the opinion.

Mr. L. C. ROCKWELL, for plaintiff in error.

Mr. HUGH BUTLER, for defendant in error.

THATCHER, C. J. This was an action upon a promissory note, instituted before the Code went into effect, by the defendant in error against the makers of the note, Charles C. Post, Charles H. Morgan, Guy M. Hulett and Charles R. Bissell. Summons was duly served upon Bissell, Post and Hulett, and returned not found as to Morgan. Bissell plead to the action. A rule to plead was also taken against the other defendants served, viz.: Post and Hulett. Post and Hulett failed to plead in obedience to the rule, whereupon judgment by *nil dicit* was by the court entered against Post only. Post, as attorney, also entered the appearance of Morgan, against whom, without any previous rule to plead, judgment by *nil dicit* was also entered.

As to Hulett and Morgan, the record does not disclose that any further action was taken. After the issues were made up

between Cushman, plaintiff below, and Bissell, the following entry records the action taken : "This day comes the plaintiff, by Hugh Butler, Esq., his attorney, and the defendant, Charles C. Post, not appearing, was three times solemnly called, but comes not, but herein wholly makes default; and it appearing to the court that the said plaintiff ought to recover his damages by reason of the premises, and the damages being unknown to the court, it is ordered by the court that this cause as to Post be referred to a jury for the assessment of the plaintiff's damages herein, and the issues being joined as to Charles R. Bissell, this cause is submitted to a jury for the assessment of plaintiff's damages as to Post, and to try the issues as to Bissell."

The verdict was for the plaintiff, and damages assessed at $3,333 $\frac{50}{100}$, which was largely in excess of the damages laid in the declaration. The judgment of the court, based upon the verdict, was in favor of the plaintiff and against the defendants, Bissell and Post.

These proceedings were palpably erroneous. All the parties were before the court. Morgan's appearance having been entered, he stood in the same attitude as though he had been duly served with process. In such case, no final judgment could be pronounced as to one or more without disposing of the case as to all the defendants served. The same jury which tried the issues as to Morgan and assessed damages as to Post, could assess damages against the other defaulting parties, and thus a joint judgment could have been rendered against all. And although the law permitted final judgment to be entered against two or more defendants served, without taking action against defendants *not served*, it has not been construed to authorize the rendition of final judgment against only a part of the defendants served, without disposing of the case as to the others. *Faulk* v. *Kellums*, 54 Ill. 191; *Kimball & Ward* v. *Tanner*, 63 Ill. 519; *Dow* v. *Rattle*, 12 Ill. 373; *Streeter et al.* v. *Marshall S. M. Co. et al.* 4 Col. 539.

A rule to plead having been taken, both against Post and Hulett, judgment by *nil dicit* should have been taken against both, and not against one only.

The amount of the verdict in excess of the *ad damnum* might be remitted in this court, and a judgment entered for the proper amount, *Winne et al.* v. *Colorado Springs Co.* 3 Col. 161, were it not for the other fatal errors. Judgment reversed, and trial *de novo* ordered.

*Reversed.*