## MARCUS M. GOODALE
### v.
## SAMUEL D. COOPER, use, etc.

PRACTICE.—In an action *ex contractu* against two or more, if all are served with process, judgment must go against all or none. The case must be disposed of as to all the defendants.

APPEAL from the Circuit Court of Jefferson county; the Hon. C. S. CONGER, Judge, presiding.   Opinion filed April 2, 1880.

Messrs. TANNER & WILBANKS, for appellant; that the judgment should be against all the defendants, cited Gribbin v. Thompson, 28 Ill. 61; Faulk v. Kellums, 54 Ill. 189; Kimball v. Ward, 63 Ill. 519.

Messrs. GREEN & CARPENTER, for appellees; cited Rev. Stat. 1874, 643; Bowden v. Bowden, 75 Ill. 143.

WALL, J.   This was a suit before a justice of the peace, brought by the appellee against the appellant and one Thomas T. Brown, upon a delivery bond signed by the two defendants. Judgment having been rendered in favor of the plaintiff, the defendants appealed the case to the Circuit Court.   In the Circuit Court the case was tried by the judge without the intervention of a jury, by consent of the plaintiff and the defendant Goodale, and judgment was rendered in favor of the plaintiff against the defendant Goodale alone, for the penalty of the bond as debt, and for the sum of $39.20 as damages, and for the cost of suit.   There was no judgment whatever as to the co-defendant Brown, though as shown by the record, he was properly in court; nor is there anything explaining or accounting for the fact that the case was not disposed of as to him.   It is an inflexible rule that in actions *ex contractu* against two or more— if all are served with process judgment must go against

all or none, and in this instance it was error to dispose of the case as to one defendant, without disposing of it as to the other, both defendants being before the court.    To this rule the only exception is where there is a personal defense, such as infancy or bankruptcy.    Dow v. Rattle, 12 Ill. 373; Gribben v. Thompson, 28 Ill. 61; Faulk v. Kellums, 54 Ill. 188; Kimball v. Ward, 63 Ill. 519; Byers v. Bank, etc., 85 Ill. 423. The judgment must be reversed and the cause remanded.

Reversed and remanded.