Ward v. Stanley.

## Margaret A. Ward
### v.
## Philiskey E. Stanley et al.

*Practice—Contracts—Judgments.*

1.  An index is not an abstract.
2.  In actions on contracts, recovery and judgments must be against all or none who are served with process, or have appeared.

3. It is error to enter judgment against one of two defendants, and leave the case pending as to the other. The dismissal as to the latter at the next term comes too late to cure the defect in such judgment.

[Opinion filed November 2, 1891.]

IN ERROR to the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Defendants in error brought suit in assumpsit against Margaret A. Ward, and Dennis Ward, the declaration filed containing the common counts only. The defendants entered their appearance and filed a plea of the general issue, and with it an affidavit by Dennis Ward that he had a good defense upon the merits to the whole of the plaintiff's demand.

At the April term, the default of Margaret A. Ward was entered for want of affidavit of merits, and judgment was taken against her for $266.50.

On the 20th of May, being at the ensuing May term, the writ was dismissed as to Dennis Ward. On the 22d of May, Margaret Ward moved for the setting aside of the default and judgment as to her, which motion was denied, whereupon she took an appeal to this court.

Mr. JOHN F. BEGGS, for the plaintiff in error.

Messrs. WINSTON & MEAGHER, for defendants in error.

WATERMAN, P. J. The rule is that in actions on contracts, recovery and judgments must be against all or none who are served with process or have appeared. Waugh v. Suter et al., 3 Ill. App. 271; Dow v. Rattle, 12 Ill. 373; Davidson v. Bond, 12 Ill. 84; Faulk v. Kellums, 54 Ill. 188; Kimball et al. v. Tanner, 63 Ill. 519; Felsenthal v. Durand, 86 Ill. 230.

Judgment should not have been entered against Margaret Ward without some disposition of the case as to Dennis Ward. It was error to enter judgment against Margaret Ward and leave the case pending as to Dennis Ward until the ensuing term. The dismissal as to him came too late to cure the defect in the judgment against her. The judgment record was full and

complete when judgment was entered against her and could not be changed at a subsequent term.

We are compelled to call attention to the defective way in which the abstract in this case is made up.   A mere index of the record is not an abstract.   Such portions of the record as counsel wish to call attention to should be so abstracted as to show the matter which the court is asked to consider.

For the error indicated the judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*