## Henry Vocke v. Claudius Peters.

1. ABSTRACTS—*Index—Insufficiency.*—An abstract which is but an index is insufficient.

2. STATUTE OF FRAUDS—*What Is Not Within.*—A contract for an agreed compensation or commission for business brought to a firm of lawyers, which might have been done within a year from the time of making it, is not within the statute of frauds.

3. CONTRACTS—*For a Commission on Business Brought to Attorneys.*—A contract for an agreed compensation or commission upon business brought to a firm of attorneys is not contrary to public policy.

4. VERDICTS—*Contrary to the Evidence.*—While the Appellate Court may be of the opinion that a verdict should have been for the other party, yet, where the evidence is conflicting and with a slight preponderance in favor of either party, it will not disturb it.

Assumpsit, for services commenced in justice's court. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Submitted at the March term, 1895, of this court. Affirmed. Opinion filed April 22, 1895.

THOMAS J. HOLMES, attorney for appellant.

J. G. GROSSBERG, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Vocke v. Peters.

This was a suit to recover an alleged commission for bringing business to a firm of lawyers. The abstract of the record after setting forth the evidence in the case concludes as follows:

41. Instructions to the jury.

41. Finding of the jury.

41-2. Motion for a new trial.

42. Overruling of the motion.

Entering up judgment on the verdict.

43. Certificate of judge.

44. Stipulation as to bill of exceptions.

45-6. Bond.

47. Certificate of the clerk.

48. Assignment of errors.

Such an abstract leaves no question for our consideration except that of the admission and the sufficiency of the evidence; as to all else the abstract is but an index. Ward v. Stanley, 41 Ill. App. 417.

We do not regard the statute of frauds as having any bearing upon this case. The action is really for an agreed compensation or commission for business brought to appellants.

All that was undertaken by appellee might have been done within a year, and seems to have been performed within that period from the time promise was made to him. As to which see Walker v. Johnson, 96 U. S. 424; Swanzey v. Moore, 22 Ill. 63.

This suit is not to compel the carrying out of an agreement but to recover for work done.

According to the testimony of the appellee, appellants first promised him a commission for business brought, and then accepted the business.

Whatever courts may have in former times held as to such agreements, the Supreme Court of this State long ago refused to consider contracts by lawyers for contingent fees as contrary to public policy; if such are not, we do not think that an agreement to bring business to a lawyer can be so regarded. Dunne v. Herrick, 37 Ill. App. 180.

Courts have a discretion as to the admission of evidence

out of its order, which is very seldom interfered with by a reviewing tribunal.

Our own opinion is that the jury should have returned a verdict for the defendants. The evidence is conflicting to that extent and with so slight a preponderance in favor of either party, that we do not feel warranted in reversing the judgment which the Circuit Court has rendered upon the verdict. It is therefore affirmed.

FURTHER OPINION ON REHEARING BY MR. PRESIDING JUSTICE WATERMAN.

Appellant, seeming to be of the opinion that this case is the only instance in which we have refused to consider such portions of the record as are not abstracted, attention is called to the case of Woven Cord Bed Spring Co. v. Cox-edge, 50 Ill. App. 334, and cases there cited; also to John B. Mallers v. Crane Elevator Co., 57 Ill. App. 283.

This case comes to this court with the verdict of the jury approved by the judge of the court below. He saw and heard the witnesses testify; we have only a written record, from which, as before stated, we think that the verdict should have been for the defendant. The trial judge having opportunities that we have not, has rendered judgment upon the verdict, and in the conflict of evidence we do not feel warranted in reversing the judgment.

The petition for rehearing is denied.