[No. 5175.]
[No. 2779 C. A.]

## DUNCAN V. CAPEHART.

**Judgments—Parties—Judgment Against One of Several Parties— When Admissible—Statutory Construction.**

In an action for a broker's commission against several defendants, the complaint alleged that defendants, being the owners of certain mining claims, agreed with the plaintiff that, if he would procure or find a purchaser for said mining claims for a certain price, they would pay him the specified amount sued for. The proof sustained the contract in all particulars save that the liability of only one of the defendants was established, and judgment was accordingly rendered against him for the specified amount, and the action dismissed as to the others. Held, that such judgment was warranted under Mills' Ann. Code, § 222, providing that judgment may be given for or against one or more of several plaintiffs or defendants, and § 223, providing that, in an action against several defendants, the court may, in its discretion, render judgment for or against one or more of them, allowing the action to proceed against the others, whenever a several judgment is proper.—P. 448.

*Appeal from the District Court of El Paso County. Hon. Louis W. Cunningham, Judge.*

*On Rehearing.*

Action by Aaron Capehart against James C. Duncan, Lydia H. Hall, A. T. Hall, J. C. Duncan, J. C. Stremming and A. T. Stockdale. From a judgment for plaintiff, defendant Duncan appeals. *Affirmed, and former opinion withdrawn.*

Decision *en banc.* Mr. JUSTICE GABBERT and Mr. JUSTICE BAILEY dissenting.

Messrs. GUNNELL, CHINN & MILLER, for appellant.

Mr. GEORGE W. MUSSER, Mr. L. J. LAWS, and Mr. J. C. HELM, for appellee.

Mr. JUSTICE GODDARD delivered the opinion of the court:

This action was brought by appellee against Lydia Hall, Frank H. Hall, A. T. Hall, J. C. Duncan, J. C. Stremming, and A. T. Stockdale to recover $2,500 claimed to be due him as a commission for the sale of certain mining claims belonging to them. It is averred in the complaint that the defendants, being the owners of certain mining claims, "agreed with the plaintiff that if he would procure or find a purchaser for said mining claims for the purchase price of $67,500, they would pay," as a commission, $2,500. That thereupon, pursuant to such agreement, plaintiff proceeded to procure, or find, a purchaser for said mining claims; that plaintiff communicated and negotiated with one Weyand relative to the purchase of said claims, and took such steps that said claims were sold by the defendants to said Weyand, or a corporation named by him, for the sum of $67,500.

The case was tried twice. Upon the conclusion of the first trial, the court below dismissed the action as to all the defendants except the appellant Duncan. On the second trial, a verdict was found, and judgment rendered, against him, upon proof that he had authorized appellee to sell the property for the sum of $65,000, instead of $67,500, net to the owners, as provided in the original agreement made by him and his co-owners with appellee, and that it was sold at such reduced price to a purchaser procured by appellee.

The only question presented by the record is whether, in an action upon an agreement alleged to have been made by two or more defendants, the evidence failing to show a liability as to all, a recovery may be had against one or more who are proved to be liable thereunder. In other words, has the rule

that obtains at common law, that in an action upon
an alleged joint undertaking or contract the judg-
ment must be against all the defendants, or in favor
of all, been changed by sections 222 and 223 of our
civil code?—which are as follows:

"222.    Judgment may be given for or against
one or more of several plaintiffs, and for or against
one or more of several defendants; and it may,
when the justice of the case requires it, determine
the ultimate rights of the parties on each side as be-
tween themselves.

"223.    In an action against several defendants,
the court may, in its discretion, render judgment for
or against one or more of them, allowing the action to
proceed against the others, whenever a several judg-
ment is proper."

Our former decision in this cause was that the
common-law rule still prevailed, but on a rehearing,
and after elaborate argument and further investiga-
tion, a majority of the court think that this conclu-
sion is wrong, and that by virtue of the above and
other code provisions, the rule of the common law
has been abrogated, and that, in a suit upon a con-
tract, alleged to have been entered into by several
defendants, when the proof sustains the contract in
all respects, except that the liability of only one or
more of the defendants is established, judgment may
be rendered against such defendants, and in favor
of the defendants against whom no liability is shown.
This is the view taken by a large majority of the
courts in states having the same, or like, statutory
provisions.    Among them are the following:    *Rowe
v. Chandler,* 1 Cal. 167; *Lewis v. Clarkin,* 18 Cal.
399; *People v. Frisbie, Id.* 402; *Eyre v. Cook,* 9 Ia.
185; *Stafford v. Nutt,* 51 Ind. 535; *Hempy v. Ran-
som,* 33 Ohio St. 312, 315; *Ah Lep v. Gong Choy,* 13
Ore. 205, 214; *Stodeker v. Bernard,* 102 N. Y. 327,

330; *Van Ness v. Corkins,* 12 Wis. 186; *McIntosh v. Ensign,* 28 N. Y. 169; *Bibb v. Allen,* 149 U. S. 481, 503; 1 Beach on Modern Law of Contracts, § 689; *Roggenkamp v. Hargreaves,* 39 Neb. 540; *Knatz v. Wise,* 16 Mont. 555; *Crews v. Lackland,* 67 Mo. 619; *Patton v. Shanklin,* 53 Ky. 15; *Park v. Meyer,* 28 Ark. 281.

The purpose of these provisions and their true construction is well expressed by Emott, J., in *McIntosh v. Ensign, supra,* as follows: ''The inconvenience arising from the rule of the common law, that where the subject of a suit was a joint contract, the recovery must be against all the defendants or neither, was what these provisions designed to remedy. Their true construction is, that when in an action upon a joint contract one or more of the defendants is proven not to be liable, and one or more of the others to be liable, a separate judgment may be given against those who are liable, whether their liability be joint or several, and the other defendants may be dismissed. The test is whether the plaintiff can recover in the action against any of the defendants if they had been sued alone.''

The conclusion reached in our former opinion was based largely upon the language quoted from *York v. Fontonbury,* 15 Colo. 129, 130, but upon a more careful consideration of that case we are satisfied that the question presented here was not involved, and had the question of variance been·eliminated the evidence offered would have been inadmissible because the offset sought to be established was an individual indebtedness of one of the plaintiffs, which could not be set off against the demand sued on. In other words, it did not come within the provisions of the code allowing counter-claims or set-offs, it being well settled that under such provisions ''a separate demand cannot be set off against a joint

demand."—*Thalheimer v. Crow*, 13 Colo. 397, 404; *Thatcher v. Rockwell*, 4 Colo. 375, 406.

It is obvious that the provisions under consideration were not applicable to the facts in that case, and were not considered by the writer of that opinion. We think, therefore, that when carefully examined that case does not sustain the rule as announced in our former opinion, and the question, as presented by this record, is one of first impression in this state.

Our conclusion, therefore, is that by virtue of the code provisions above quoted the plaintiff was entitled under his complaint to a separate recovery against the defendant Duncan. The judgment will, therefore, be affirmed, and the former opinion of the court, filed herein, withdrawn.            *Affirmed.*

Decision *en banc.* Mr. JUSTICE GABBERT and Mr. JUSTICE BAILEY dissenting.