[Nos. 6337 and 6338.]

EAST v. McCLUNG.

1. Evidence—Parol to Explain Writing—A writing evidencing the sale of mining stock, not naming the corporation by which it has been or is to be issued, may be supplemented by parol. —(506)

2.   Statute of Frauds—Sale of Goods, delivered and accepted by the purchaser, is not within the statute.—(506)

3.   Pleadings — Amendments — A complaint for the price of corporate stock set up a written contract with averments explaining an omission therefrom of the name of the corporation. An amended complaint, alleging the sale and delivery of the same number of shares in the same corporation, and the promise of defendant to pay therefor the same price and sum demanded in the original complaint, but making no mention of the writing, was held properly received.—(506, 507)

4.   Parties—Misjoinder of Defendants—Judgment—In an action against three, for the price of chattels, the evidence failed to show a liability as to two of them.  Held, proper to allow judgment against the one, discontinuing as to the others.—(Code, secs. 222, 223.)—(507)

*Appeal from Denver District Court* — Hon. George W. Allen, Judge.

Mr. Frank McLaughlin, Mr. Leslie E. Hubbard and Mr. M. B. Carpenter for appellant.

Mr. Fred W. Parks and Mr. C. J. Blakeney for appellee.

Mr. Justice Gabbert delivered the opinion of the court:

The questions presented in each of these cases being the same, they will be disposed of in one opinion.

In No. 6338 the record discloses that appellee, as plaintiff, brought suit originally in the county court to recover from appellant and others the sum of one thousand dollars claimed to be due for certain shares of mining stock sold and delivered the defendants. Such proceedings were had that judgment was entered in favor of plaintiff and against defendants, by default, from which the latter appealed to the district court.  In the meanwhile appellee, as plaintiff, brought suit against the same parties in the district court to recover another installment in the sum of

fifteen hundred dollars claimed to be due for the same mining stock sold and delivered to them, which is the case designated No. 6337 in this court. Both cases were tried in the district court and judgments rendered for plaintiff, and against the defendant East, from which he has appealed.

In No. 6338 the complaint originally filed alleged that plaintiff sold to the defendants twenty thousand shares of the capital stock of the West Gold Hill Mining Company for twelve and a half cents per share, amounting to the sum of twenty-five hundred dollars, one thousand dollars of which was payable on or before April 1st, 1906, and the balance on or before January 1st, 1907. It further alleged that the terms and conditions of the sale were evidenced by a writing as follows:

"Denver, Colorado, January 31st, 1906.

"For and in consideration of Twenty-five Hundred Dollars ($2500.00), I, Dennie McClung, sell and convey to L. Cavnah, Charles S. Gilman and J. H. East twenty thousand shares of mining stock in aforesaid company, being at the rate of twelve and one-half cents per share. Fourteen thousand shares delivered now and the remaining six thousand shares on or before March first, Nineteen Hundred and Six. Certificate numbers as follows: 227, 228, 229, 226, 441, 224, 225, 564, 361 and 563, delivered.

"It is further agreed that the said Cavnah, Gilman and East agree to pay on the above contract one thousand dollars on or before April first, and the remaining amount to be paid as fast as possible, the last payment to be made in full on or before January first, Nineteen Hundred and Seven.

"L. Cavnah.　　　　　(J. H. E.)
"Charles S. Gilman.　(J. H. E.)
"J. H. East.
"Dennie McClung."

Later, an amended complaint was filed containing the following additional allegations:

"That the words 'aforesaid company,' in the fifth line of said contract, as herein set forth, were used by the parties to said contract by mutual mistake and inadvertence, instead of the words 'The West Gold Hill Mining Company,' and that by the words 'aforesaid company' the parties to said contract intended to, and did, refer to and mean 'The West Gold Hill Mining Company.' That the stock described in said contract as stock in 'aforesaid company' was, in fact, stock of 'The West Gold Hill Mining Company,' and that the judgment herein sought to be recovered for a portion of the agreed price of said twenty thousand (20,000) shares of stock of The West Gold Hill Mining Company so delivered as herein set forth, is for the portion now due on the price of the same twenty thousand (20,000) shares of stock that are described in said contract as being in 'aforesaid company.' "

The complaint filed in No. 6337 was similar. To the amended complaint in No. 6338, and the original one in No. 6337, demurrers were interposed and overruled. Motions to strike the contract as set out in each of these complaints, and that portion following, as above quoted, were sustained. Plaintiff thereupon filed an amended complaint in each case, which alleged, in substance, the sale and delivery of certain shares of the capital stock of The West Gold Hill Mining Company to defendants for the sum of twenty-five hundred dollars, which they received and accepted, and for which they thereupon promised to pay the sum of one thousand dollars on or before April 1st, 1906, and fifteen hundred dollars on or before January 1st, 1907. The defendants moved to strike each of these complaints, upon the ground that they set up different causes of action from those

originally pleaded. These motions were denied, and defendants having answered, trials were had, with the result that judgment in each case was rendered against defendant East, and the actions dismissed as to his co-defendants.

The first point urged by counsel for defendant is, that the written contract was void, under the statute of frauds, for the reason that it omits a description of the property which was the subject-matter of the transaction. The property sold was a specified number of shares of mining stock. The name of the company issuing the stock is not stated, but extrinsic proof is always competent to identify the particular personal property described in a contract of sale. Such proof does not vary the terms of a written contract, but merely identifies the property described therein.

It is next urged that the testimony does not establish the receipt and acceptance by the vendees of the stock in question, and hence, it is argued, the transaction was void, under the statute of frauds. If it could be successfully contended that the written contract was insufficient under the statute, the testimony discloses without dispute that the stock was delivered to the appellant, was accepted by him, that he had promised to pay therefor, and had the certificates representing it in his possession at the time of the trial; so that, independent of the contract, the transaction was taken without the statue.

It is contended that the court erred in refusing to strike the amended complaint in No. 6337 and the second amended complaint in No. 6338 from the files, for the reason that they stated causes of action different from those originally pleaded. This proposition is without merit. The transaction upon which plaintiff bases his causes of action were the same in each of the complaints. The ultimate facts alleged

were substantially the same. The only difference was in evidential facts. The relief demanded in each instance was identical, and the character of the cases was in no sense changed by the amended complaints, so that a recovery had upon the original complaints would be a bar to one under these pleadings as amended. This test demonstrates that the causes of action set up or stated in each instance were identical. —*Messenger v. Northcutt*, 26 Colo. 527.

The complaints alleged a joint liability against all the parties whose names were signed to the writing set out in the original complaints. On motion of the defendants Cavnah and Gilman the actions were dismissed as to them, upon the ground that the evidence did not disclose that defendant East had authority to sign their names to the writing, or bind them in any way to purchase the stock. For this reason it is urged the action should have been dismissed as to the defendant East, because a joint liability against all the parties whose names were signed to the writing was alleged, but not established. In other words, the contention is that the variance between the pleadings and the proof is fatal to a recovery against the defendant East. The question, by virtue of the provisions of sections 222 and 223 of the Civil Code, was decided adversely to the contention of counsel for the defendant in *Duncan v. Capehart*, 40 Colo. 446, and it is not necessary to rediscuss it here.

The conclusions announced on the propositions considered render it unnecessary to consider the other errors assigned.

The judgment of the district court in each case is affirmed.                                   *Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.