[No. 13912.   Department Two.   March 21, 1917.]

S. M. HEXTER *et al.*, *Appellants*, v. CROWN WOOLEN
COMPANY *et al.*, *Respondents*.[1]

SALES—ACTION FOR PRICE—CONTRACT—EVIDENCE—SUFFICIENCY. A sale of goods upon the personal credit of the defendant, who was manager of a woolen company, although the goods were used in the business of the company, is conclusively shown, where it appears from letters and correspondence that he had made arrangements to take over the business of the company and asking a credit personal to himself to the extent of $3,000, that this was acted upon, the goods billed to him, and that statements were made to him of his indebtedness therefor.

ACTIONS—MISJOINDER—PARTIES. The question of the misjoinder of actions must be judged by the allegations of the complaint and not by the results obtained at the trial, and the fact that other defendants were brought in and sought to be held on a theory that would make them jointly liable, and the trial court held to the contrary, does not constitute a misjoinder of causes of actions or the joinder of improper defendants.

Cross-appeals from a judgment of the superior court for King county, Jurey, J., entered July 14, 1916, upon findings in favor of the defendants, in an action on contract, tried to the court. Affirmed.

*Van Dyke & Thomas* and *D. R. Hoppe*, for appellants.

*Higgins & Hughes*, for respondents.

HOLCOMB, J. — This appeal presents no questions but those of fact. The lower court resolved the facts, among others, into findings to the effect that appellants had furnished goods to respondent W. J. Kramer to the amount of

[1]Reported in 163 Pac. 774.

$1,909.48, between July 31, 1914, and November 10, 1914, inclusive, which goods were sold and furnished on Kramer's sole credit and responsibility, and not on the credit of the Crown Woolen Company; that other goods sold and delivered prior to July 31, 1914, amounting to $833.68, up to and including the 12th day of June, 1914, were sold and delivered to the Crown Woolen Company and upon its sole credit.

Appellants seek to reverse the judgment of the lower court as to the recovery against W. J. Kramer alone, in the sum of $1,909.48, upon the ground that the goods which that amount represents were sold to the credit of Crown Woolen Company and also that of Kramer.

There is no necessity for setting forth the evidence in detail. It, including the exhibits in the record, is voluminous and has been examined with care. We are convinced that the findings of the trial court upon all questions involved were correct.

Kramer had for some time been the manager of the Crown Woolen Company, during which time appellants had sold the company merchandise. Beginning particularly with a letter of July 11, 1914, written by Kramer to one of the appellants, setting forth specifically his intentions and arrangements to take over the business of the Crown Woolen Company, and asking a credit personal to him to the extent of $3,000 in merchandise to be added to the stock of the concern in accordance with his agreement to that effect with the owner, with various other letters following from Kramer to appellants or to one of them, with their replies thereto, it is clear that appellants extended to Kramer the credit desired by him for the purpose of enabling him to carry through his arrangements to take over the business of the Crown Woolen Company; that they billed goods to him, and at various times he acknowledged his indebtedness and personal obligation to them, and at various times they called

his attention to the amount of his indebtedness to them; concluding with the letter of January 9, 1915, in which appellants stated to Kramer:

"As you are well aware, your account to today is $2,600, which is a little over the amount of credit which we agreed to extend you. . . . Some time ago you mentioned you would give us some security which you had, for your account, and would ask you to kindly bring same with you, which is as per arrangements agreed upon."

All of which shows almost conclusively that the appellants sold the goods involved in the controversy, as between them and Kramer, to Kramer individually and upon his sole credit, although it is true that the goods were used by Kramer in the business of the Crown Woolen Company. Kramer may have made an improvident bargain with the owner of the Crown Woolen Company, and appellants may have made an improvident bargain with Kramer, but both were fully possessed of all the facts and circumstances.

The defendant Crown Woolen Company also appealed, on the ground that there had been a misjoinder of causes of action and the cause should be dismissed. The complaint is to be judged by the facts pleaded and not by the result obtained. The fact that other defendants were brought in and sought to be held on a theory that would make them jointly liable, although the trial court held to the contrary on the facts, does not constitute a misjoinder of causes of action or the joinder of improper defendants. The facts as found by the court are fully sustained by the evidence. The questions sought to be raised on respondent's appeal are without merit and are denied.

Finding no error in the record, the judgment is affirmed.

ELLIS, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.