## No. 9673.

### WHITESCARVER v. WALDO.

Decided Nov. 8, 1920.   Rehearing denied Jan. 10, 1921.

Action on promissory note.   Judgment for plaintiff.

*Reversed.*

1. BILLS AND NOTES—*Promissory Note—Release of One of Several Makers.*  The release of one of two or more joint, or joint and several obligors or promisors, operates to release the others.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. GEORGE B. CAMPBELL, Mr. HARRY C. RIDDLE, for plaintiff in error.

Mr. GEORGE F. DUNKLEE, Mr. EDWARD V. DUNKLEE, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error, with A. M. Stevenson and L. C. Greenlee, was sued by defendant in error, Waldo, on a promissory note.   The trial court directed a verdict in favor of Stevenson and Greenlee, upon the ground that the note in suit was signed by Stevenson and Greenlee upon the mistaken assumption that it was being executed pursuant to an agreement with The Ajax Wyoming Oil Com-

pany, of which all these parties were directors. Judgment was entered against plaintiff in error and he has brought the case here for review. He contends that under the well settled rules of law the dismissal of the suit as to the two defendants named inured to his benefit; that is, that their release, by the judgment of the court, released him also; hence, he says the court erred in not dismissing the action as to him. To this contention defendant in error replies that the note is a joint and several obligation by the terms of our statute, and therefore, he says, the release of the two defendants had no effect upon the liability of plaintiff in error.

The question has been determined by this court in accord with the contention of plaintiff in error. In *Heckman v. Manning*, 4 Colo. 543, it is said:

"The doctrine that a release of one of two or more joint, or joint and several obligors or promisors operates to release the others, is a common-law rule which has been so long and well settled in its application by the courts of this country, as to be elementary." Citing *Benjamin v. Mc-Connel*, 4 Gilm. (Ill.) 545; *Tuckerman v. Newhall*, 17 Mass. 581.

The Illinois case cited was similar to the instant case in the fact that the release was by judgment of the court, as in this case.

In the Massachusetts case the court points out that the rule in question applies equally well to joint, and joint and several obligations.

In Vol. 8, p. 276, Bouvier's Edition of Bacon's Abridgment, it is said:

"If two or more are jointly and severally bound in a bond, a release to one discharges the others; and in such case the joint remedy being gone, the several is so likewise."

The rule is again recognized in *Hochmark v. Richler*, 16 Colo. 263, 26 Pac. 818. The basis of the rule, as stated by the authorities, is that the discharge of one "disturbs the equality of burden created by the obligation."

It is urged, however, that the liability of plaintiff in

error is fixed by Exhibit "E", a writing signed by Whitescarver in which he agrees to give Waldo an interest in an option on a further issue of stock in the Oil Company. It closes as follows:

"But it is understood that the real consideration for the note of $7500 was that we received that amount in cash from C. A. Waldo at time note was given to the undersigned Mr. Charles A. Whitescarver, and also that he is personally liable for loan."

Waldo testified that the exhibit was signed and given to him before the execution of the note and the delivery of the check. This is in conflict with the language of the instrument which speaks of the loan, the giving of the note, and the receipt of the money as past transactions.

Treating this as an admission by Whitescarver of liability on the note, it is far from an admission that he was liable *alone*. If, as Waldo claims, this was a part of a single transaction, then the liability which Whitescarver thus admits must be held to be the liability on the note, which liability was shared by his co-makers. This is conclusively shown by plaintiff's own evidence.

Plaintiff's Exhibit "D" is a copy of a statement made by Whitescarver to his bank in February, 1918, as a basis of credit. Waldo's testimony shows that at his request the copy was made, and to it was attached the following:

"Denver March 9 1918

To C. A. Waldo in order to induce you to make a loan of $7500 to myself and L. C. Greenlee and A. M. Stevenson, I make or renew the within statement to you of my personal standing.

(Signed)    C. A. Whitescarver."

Waldo testified that he told Whitescarver that if Greenlee would join in the note he would consider making the loan; also that previous to the signing of the note he said to Whitescarver, Greenlee and Stevenson that he would loan them personally, but would not loan anything to the company, and that thereupon they signed the note. He says that they agreed to sign it as "a joint note, all three of them,"

He testified further that he concluded to make the loan after he had Whitescarver's bank statement, and after Whitescarver had told him that Greenlee and Stevenson would sign the note with him.   It being thus evident that the loan was made, not to Whitescarver alone, but to the three makers of the note, it is clear that Whitescarver could not have intended to admit, nor could Waldo have supposed him to admit, any liability other than that with his two co-makers of the note.   That liability was discharged by the judgment in favor of the other makers of the note.   If by signing the exhibit he created another and different liability, the contract must be upon a consideration, and if valid in that respect, it forms a different cause of action.

For the reasons above stated, the judgment is reversed and the cause remanded to the district court with instructions to dismiss the suit.

MR. JUSTICE BAILEY and MR. JUSTICE SCOTT not participating.