No. 14,604.

TOWNSEND v. HEATH ET AL.
(103 P. [2d] 691)

Decided June 10, 1940.

Mr. HARRY S. CLASS, Mr. DOUGLAS A. ROLLER, for plaintiff in error.

No appearance for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter designated as there, or by name.

This was an action on an oral contract to pay a commission for the procurement of capital to develop mining properties. It was dismissed as to all except the present plaintiff in error against whom a judgment was entered for something over $7,000, and to review that judgment he prosecutes this writ. Of the sixteen assignments we find it necessary to consider only the second which is, in substance, that the suit was upon a joint liability and the discharge of three of the alleged promisors discharged the fourth.

Two of the original defendants were corporations, the other was Harry Lee Townsend. The allegations are— "That said defendants had no money of their own with which to carry on said development and operations. * * * That said defendants and each of them, during the month of March, A.D. 1933, made and entered into an oral agreement with the plaintiffs * * *. That said defendants and each of them agreed to pay to the plaintiffs * * *. That subsequently said defendants obtained for their purpose as hereinabove set forth [certain specified sums on certain given dates] * * *. That the sum of Seven Thousand One Hundred Ninety-six and 97/100 dollars ($7,196.97), was due to said plaintiffs by said

defendants and each of them * * * Wherefore, plaintiffs pray judgment in favor of the plaintiffs and against the defendants and each of them." On the trial the plaintiffs were both represented by the same attorneys and the defendants by the same attorneys. When both sides had rested counsel for defendants moved to dismiss as to all. The motion was granted save as to R. E. L. Townsend, and to the refusal to dismiss as to him his counsel excepted. No other objections were made to that order and the cause was submitted without argument. The point raised by said assignment No. 2 was raised by motion for a new trial. The court specifically found that there was no evidence to hold the dismissed defendants.

Said assignment No. 2 seems to be supported by the common law and all the precedents in adjudicated cases. 33 C.J., p. 1111, § 65; Restatement of the Law — Contracts, p. 135, §118; *Heckman v. Manning,* 4 Colo. 543; *Whitescarver v. Waldo,* 69 Colo. 356, 194 Pac. 618. We have held that certain statutory provisions varying the general rule in this jurisdiction have no application to oral contracts. *Exchange Bank v. Ford,* 7 Colo. 314, 3 Pac. 449, construing section 1834, General Statutes 1883, being section 4, chapter 92, '35 C.S.A., and section 14 of the Code, being section 13, chapter 1, volume 1, '35 C.S.A.

The judgment is accordingly reversed and the cause remanded with directions to dismiss at plaintiffs' costs.

MR. JUSTICE YOUNG and MR. JUSTICE KNOUS concur.