## No. 14,844.

BEATTY *v.* RESLER, DOING BUSINESS AS
RESLER TRUCK LINE.
(118 P. [2d] 1084)

Decided November 3, 1941.

Mr. HOWARD ROEPNACK, for plaintiff in error.

Mr. JOHN P. BECK, for defendant in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE complaint of defendant in error, Resler, plaintiff below, against the plaintiff in error and Ione Beatty as individuals and also as doing business under the name and style of Quartzite Transportation Company as defendants, in three separate cause of action, alleged that defendants and each of them were indebted to plaintiff respectively for: (1) Services of an agreed value of $46.76, performed in the picking up and delivery of certain freight shipments to defendants' dock in Denver for retransportation by them to other points; (2) for $125.00 said to have been the agreed price for a truck box sold and delivered to the defendants; and (3) for the agreed price of certain oil and gasoline sold and delivered to defendants. At a trial on the merits, the district court, without the aid of a jury, found for plaintiff and against both individual defendants on the first cause of action; against defendant H. H. Beatty alone on the second, and against plaintiff on the third, and judgment was entered in conformity therewith. Defendant H. H. Beatty prosecutes this proceeding in error to review the judgment entered against him individually on the second cause of action. Defendant in error as-

signs cross error to the refusal of the trial court to enter judgment against all defendants on said cause of action.

As the principal ground for reversal plaintiff in error asserts that since the second cause of action was upon an alleged joint contract, which the evidence shows was oral, the judgment must be against all the defendants or none; consequently it was improper to enter judgment in favor of one defendant and against the other. As supporting this position he relies upon the cases of *Townsend v. Heath,* 106 Colo. 273, 103 P. (2d) 691, and *Whitescarver v. Waldo,* 69 Colo. 356, 194 Pac. 618. Defendant in error asserts that the judgment against one defendant alone was authorized by sections 242 and 243, Code of Civil Procedure, and cites *Duncan v. Capehart,* 40 Colo. 446, 90 Pac. 1033, and *East v. Mc-Clung,* 49 Colo. 502, 113 Pac. 517, as supporting his assertion. The common-law rule undoubtedly is in accordance with the contention of plaintiff in error. 33 C.J., p. 1111, §65, citing *Bissell v. Cushman,* 5 Colo. 76. Concerning the effect of the mentioned code sections, on this common-law rule, we said in *Duncan v. Capehart, supra:* "Our former decision in this cause was that the common-law rule still prevailed, but on a rehearing, and after elaborate argument and further investigation, a majority of the court think that this conclusion is wrong, and that by virtue of the above and other code provisions, the rule of the common law has been abrogated, and that, in a suit upon a contract, alleged to have been entered into by several defendants, when the proof sustains the contract in all respects, except that the liability of only one or more of the defendants is established, judgment may be rendered against such defendants, and in favor of the defendants against whom no liability is shown. This is the view taken by a large majority of the courts in states having the same, or like, statutory provisions." See, also, 33 C.J., p. 1115, §68.

It also seems to be well established that statutes similar to ours "do not permit the rendition of a several

judgment on a joint cause of action; that can be done only where a several judgment would be proper; if plaintiff sues on a joint obligation, and the proofs show only a joint obligation, he must recover against all jointly liable or none, as at common law; * * *." 33 C.J., p. 1117, §68. It must be considered that the cases of *Townsend v. Heath,* and *Whitescarver v. Waldo,* *supra,* fall within the latter classification and are applicable only in situations where the obligation in reality is joint. However, the text last quoted, continuing, consistently with the principle announced in *Duncan v. Capehart, supra,* recites: "But if the proofs show a several obligation, or a joint obligation as to two or more defendants less than all, a recovery may be had against those shown to be liable regardless of the fact that only a joint obligation was alleged."

In the case at bar the wife of plaintiff in error, his codefendant, testified that plaintiff in error was the sole operator of the beer transportation end of their truck business and that the truck box in question was used in such operation. Defendant in error, while contending, as he still does, that the contract bound both defendants, admitted that the final arrangement for the sale of the box, was made in a conversation with plaintiff in error. There was ample evidence to support a several judgment, and under the code provisions cited by defendant in error, as construed by us in *Duncan v. Capehart, supra,* we are of the opinion that the trial court had legal authority to enter a several judgment in the proceeding. Rules 20(a) and 54(b), R.C.P. Colo., while not applicable here because of the late effective date of their operation, are in accord with the view we express.

▮ Notwithstanding that no such defect was apparent from the face of the complaint, plaintiff in error next contends there was an improper joinder of causes of action therein upon the theory that since the trial court found against both defendants on the first cause

of action and against one alone on the second, it was established that defendants were not affected in "the same character and capacity" by *both* causes of action, a prerequisite to permissible union under section 76 of our Code of Civil Procedure. This position is not tenable. The fact that defendants were sought to be held as jointly liable, although the trial court found to the contrary on the evidence, does not constitute a misjoinder of causes of action or an improper joinder of defendants, since the complaint is to be judged by the facts pleaded and not by the result of the trial. *Hexter v. Crown Woolen Co.*, 95 Wash. 348, 163 Pac. 774; 1 C.J.S., p. 1292, §98.

■ The last objection of plaintiff in error to the judgment is grounded on the statute of frauds, section 12, subdivision 4, chapter 71, '35 C.S.A. Admittedly the value of the truck box was in excess of $50.00. No part of its purchase price was paid, nor was any written agreement or memorandum of the contract ever made. It also is conceded that such box passed into the possession, since retained, of one or both defendants under an agreement with the defendant in error. Defendants contend that the agreement was that they should receive the box as a loan with the conditional agreement to buy if the transfer of a certain P.U.C. permit to them was approved by the Public Utilities Commission, which did not transpire. Defendant in error admitted that the first agreement to purchase was dependent upon the approval of the transfer of the permit, but claimed that in the interim and before there was a determination with respect thereto, defendants agreed to an unconditional purchase and sale. Plaintiff in error argues that possession acquired on either theory might meet the requirement of a *receipt* of the box but does not prove an *acceptance* so as to take the transaction out of the operation of the statute of frauds, which requires to so accomplish in this particular that, "The buyer shall receive and accept * * * such goods." In support of this

argument he quotes as follows from 27 C.J., p. 247, §279: "The fact that the property which is the subject of the contract of sale is already in the buyer's possession, does not alone constitute an acceptance;". Continuing, but not quoted in the brief of plaintiff in error, the text states: "But there must be some further manifestation of an approval of the property as fulfilling the contract. Evidence showing acts of dominion and control thereover by the buyer inconsistent with the facts upon which his prior possession was based will be sufficient." In the case at bar this element of dominion and control, inconsistent with the bailment claimed, was sufficiently supplied by the proof that subsequent to the securing of the possession of the box, which was mounted on a truck of Beatty, plaintiff in error, to meet his special requirements, installed a refrigerating unit for the box and in connection therewith made certain permanent physical alterations in the box itself.

It appears from the record that while the testimony was conflicting, there was sufficient competent evidence to support the several judgments entered, as a result of which the cross errors of defendant in error, based upon the court's failure to charge all defendants therewith, are without merit.

The judgment on the second cause of action is affirmed. The costs in this court shall be apportioned as prescribed in the opinion in *Beatty v. Resler*, 108 Colo. 440, decided herewith.

MR. CHIEF JUSTICE FRANCIS E. BOUCK not participating.