## No. 14,845.

BEATTY ET AL. *v.* RESLER, DOING BUSINESS AS
RESLER TRUCK LINE.
(118 P. [2d] 1087)

Decided November 3, 1941.

Mr. HOWARD ROEPNACK, for plaintiffs in error.

Mr. JOHN P. BECK, for defendant in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THIS proceeding in error is grounded upon the same record and bill of exceptions as the case of *Beatty v. Resler,* No. 14,844, 108 Colo. 434, to which reference is made for a more complete understanding of the controversy.

In the proceeding now under consideration both Beattys, defendants below, join as plaintiffs in error and seek a reversal of the judgment entered against them on the first cause of action in the sum of $46.76 for pickup charges for certain freight shipments picked up and delivered by Resler, plaintiff below, to the defendants' truck dock. Plaintiff alleged that such services were performed at the special instance and request of defendants and each of them and that defendants agreed to pay plaintiff for this service the sum of $46.76. By their answer defendants denied that they were indebted to plaintiff in the sum of $46.76 or any sum or amount whatsoever and interposed an affirmative defense denying their legal liability for the indebtedness. The trial court found against the Beattys on their affirmative defense and ordered judgment entered against them in the sum specified in said first cause of action of the complaint. Among other objections defendants assert that such judgment cannot be upheld because of plaintiff's failure to prove the items comprising the total amount awarded by the judgment. We are convinced this contention is sound.

Upon direct examination plaintiff testified that the sum of $46.76 was due and owing him from defendants for the services mentioned. Other evidence indicated that certain credits for collections and partial payments had been made on the account and that the amount claimed to be due in reality was the balance thereof. Upon cross-examination counsel for defendants asked plaintiff to specify the items comprising the account. The witness replied that offhand he could not furnish this information, succeeding which, inter alia, the record discloses the following:

"The Court: I think Mr. Beck, [counsel for plaintiff] he [counsel for defendants] has a right to know what those items are.

Mr. Beck: Your Honor, we have no objection to filing an itemized account, but he hasn't got it with him.

Mr. Roepnack: [counsel for defendants] Then I move to have stricken his former testimony that the amount was $46.76, because there is no proof in the present case and he said he does not know what the items were.

The Court: He has testified repeatedly in this case that there was a balance of $46.76 due him. Now, we are asking for those items, and you may have them if it will be of help to you.

Mr. Roepnack: Yes, and I desire to have them proved in the regular way.

The Court: You will have a chance to examine the witness about it. Have you a bookkeeper, Mr. Resler?

The Witness: Yes, we have.

Mr. Beck: I could probably get the girl down here and get an itemized statement.

The Witness: It would be quite a little while because all those records are filed away. * * * *

The Court: Well, if this is important to you, I think you had better complete this cross-examination except as to this, and we can get this later. If either side has it, you had better bring it in.

Mr. Beck: We can get it, your Honor, but it will take us a little time to get it. We would be glad to get it. I have no objection to that."

Notwithstanding the court's ruling, which was proper under the state of the pleadings, and the plaintiff's concurrence therein, no witness was produced in his behalf to testify as to the items comprising the amount alleged to be due; nor was any itemized statement of the account ever produced in court. No admissions by defendants as to the correctness of the account were proved, nor was it shown that the defendants had ever received a complete itemization thereof. Obviously, therefore, the evidence was insufficient to support the amount of the judgment entered.

The judgment on the first cause of action is reversed and the cause remanded. In view of the inclusive character of the evidence concerning the account itself and

the defendants' denial of liability therefor, as appears in the record before us, it is our opinion that if a retrial be had, the same should be upon all the issues raised by the pleadings upon the first cause of action. It is further ordered that in Case No. 14,844 defendant in error recover from plaintiff in error his docket fee paid into this court and that plaintiffs in error recover from defendant in error their docket fee paid in Case No. 14,845; each of the parties to pay one-half the cost of the common record and bill of exceptions.

Mr. Chief Justice Francis E. Bouck not participating.