HAKEN *v.* SCHEFFLER

1. SALES—CONTRACTS—EVIDENCE.

Vendor by preponderance of the evidence proved an oral contract
for purchase of brick for $1,000 and for purchase of stone
and mill irons for $1,000 where both parties were aware of
the physical location of the goods in question, vendee accepted
part of the brick and part of the stone by going to the place
of delivery, hauling some of each to his building site and then
incorporating materials into his building, and vendee had en-
gaged in selling some of the excess materials at their original
site.

2. SALES—CONTRACTS—PERSONAL PROPERTY—REMEDIES.

The vendor of personal property in an action against the vendee
for not taking and paying for the property, has the choice
ordinarily of any one of three methods to indemnify himself:
(1) he may store or retain the property for the vendee and sue
him for the entire purchase price; (2) he may sell and recover
the difference between the contract price and the price ob-
tained on such resale; or (3) he may keep the property and
recover the difference between the market price and the
contract price.

3. SALES—DAMAGES.

Use of the entire purchase price as the measure of damages in
an action for goods sold by an oral contract was proper where
vendee removed part of the materials from their situs and
acted in a way inconsistent with vendor's ownership of the
remaining goods in that he sold some of the remaining ma-
terials.

REFERENCES FOR POINTS IN HEADNOTES
[1] 49 Am Jur, Statute of Frauds § 419 *et seq.*
[2] 46 Am Jur, Sales § 515 *et seq.*
[3] 46 Am Jur, Sales §§ 583, 615, 625.

Appeal from Muskegon, Charles A. Larnard, Jr., J. Submitted Division 3 April 10, 1970, at Grand Rapids. (Docket No. 7,392.) Decided May 28, 1970.

Complaint by Ralph Haken against Arthur F. Scheffler for a determination of the validity of a verbal sales contract price. Judgment for plaintiff. Defendant appeals. Affirmed.

*Lloyd H. Cully,* for plaintiff.

*Paul L. Geer,* for defendant.

Before: HOLBROOK, P. J., and BRONSON and E. W. BROWN,* JJ.

BRONSON, J. Defendant, Arthur F. Scheffler, is appealing a decision of the Muskegon County circuit court that a verbal sale was concluded between plaintiff and defendant and the consequent award of $2,000 to plaintiff as the contract price. In September, 1964, defendant sought to buy from plaintiff brick located on plaintiff's property. A unit price was agreed upon. Several days after the initial agreement, plaintiff offered the entire lot of brick to defendant for the sum of $1,000. About a month later, plaintiff made further offer to the defendant of stone and mill irons located at another of his properties, the sum for the stone and mill irons to be a second payment of $1,000. Plaintiff claims both offers were accepted at the time they were made. Defendant claims to have purchased brick at a per unit cost of two cents, tendering to plaintiff a check for $174.25. Defendant further claims that plaintiff gave him the stone and mill irons he took. Plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

refused the check when offered and brought an action for goods sold.

The cause was tried without a jury in Muskegon County circuit court. After plaintiff's testimony, defendant moved for summary judgment on the basis of the statute of frauds. The trial court held that the transaction was within the first clause of MCLA § 566.132 (Stat Ann 1953 Rev § 26.922) as an agreement to be performed within one year. The trial court concluded that "there was completed sale, delivery and acceptance between the plaintiff and the defendant of all the building materials  *  *  * for the sum of $2,000." From this decision, defendant appeals.

At issue are two questions:

1. Whether the trial court erred in concluding that plaintiff had by preponderance of the evidence proved a contract between plaintiff and defendant for purchase of brick for $1,000 and a contract for purchase of stone and mill irons for $1,000.

2. Accepting the fact that contracts for purchase did exist, whether the trial court erred in measuring the damages to which the plaintiff was entitled.

It is defendant's contention that there was no "meeting of the minds" and hence no contract. As illustration, defendant points out that the testimony of the parties as to what occurred is contradictory and, further, that the testimony of plaintiff's substantiating witness, Mr. William Gast, was in contradiction to the version of the transaction as alleged by plaintiff. Defendant argues that since plaintiff thought he had sold all brick and stone for a set price, whereas defendant thought he had purchased brick at a per unit price, there was no meeting of the minds. The trial court looked at the words and acts of the parties to determine assent. The trial court did this in view of the language of MCLA

§ 440.2201(3)(c) (Stat Ann 1964 Rev § 19.2201[3] [c]). Under subsection 3(c), the trial court found two questions to be answered:

1. Was there a delivery of the goods?

2. Was there an acceptance of the goods by defendant?

MCLA § 440.2308(b) (Stat Ann 1964 Rev § 19.2308 [b]) states:

"[I]n a contract for sale of identified goods which to the knowledge of the parties at the time of contracting are in some other place, that place is the place for their delivery * * * ".

Here, both parties were aware of the physical location of the goods in question. Therefore, the Ewing Road and the Mill Iron Road properties were the place of delivery. When bulky items such as these are involved, "it was all the delivery that could well have been made under the circumstances without requiring [the buyer] to remove the hogs from [the seller's] farm." *Webster* v. *Anderson* (1880), 42 Mich 554, 555.

Acceptance of the delivery "cannot be predicated upon mere statements * * * but must be shown by some act or acts on the part of the defendant, unequivocally indicating such acceptance." *Yeiter* v. *Campau* (1913), 174 Mich 94, 101, 102. "Acceptance of a part of any commercial unit is acceptance of that entire unit." MCLA § 440.2606(2) (Stat Ann 1964 Rev § 19.2606[2]). Here, defendant accepted part of the brick and part of the stone by going to the place of delivery, hauling some of each to his building site and then incorporating the materials into his building. See *Wilcox* v. *Young* (1887), 66 Mich 687 (removal of portion of funeral home inventory, evidence of the sale of the entire inventory).

Another significant act of acceptance occurs when the buyer "does any act inconsistent with the seller's

ownership." MCLA § 440.2606(1)(c) (Stat Ann 1964 Rev § 19.2606[1][c]). In the present case there was evidence of defendant's use of some of the materials from both sites. Further, there was testimony that defendant had engaged in selling some of the excess materials at their original site.

Finally, the trial judge found that "it is most difficult for this court to believe the defendant under all the evidence and testimony adduced in this case." From a review of the record and the detailed opinion of the trial court, it is evident that the trial judge was very careful in his review of the case before reaching his decision. Accordingly, since the trial judge was in a better position to weigh the credibility of the witnesses, we find no compelling reason why this Court should not accept the lower court's findings. We find no error as to issue number one.

MCLA § 440.2703 (Stat Ann 1964 Rev § 19.2703) indicates the general remedies of the seller. Among them is (e), recovery of the price if proper under MCLA § 440.2709 (Stat Ann 1964 Rev § 19.2709). MCLA § 440.1106(1) (Stat Ann 1964 Rev § 19.1106 [1]) states that remedies are to be liberally administered "to the end that the aggrieved party may be put in as good a position as if the other party had fully performed." MCLA § 440.2709(1)(a) permits the seller to recover the price of "goods accepted". Further, under MCLA § 440.2606(2) (Stat Ann 1964 Rev § 19.2606[2]) partial acceptance equals acceptance of the entire lot.

In *Meagher* v. *Cowing* (1907), 149 Mich 416, 422, 423, quoting from *Dustan* v. *McAndrew,* 44 NY 72, the Michigan Supreme Court accepted the concept of liberality in remedy:

" 'The vendor of personal property in a suit against the vendee for not taking and paying for the property, has the choice ordinarily of either one

of three methods to indemnify himself: (1) He may store or retain the property for the vendee and sue him for the entire purchase price; (2) he may sell * * * and recover the difference between the contract price and the price obtained on such resale; or (3) he may keep the property * * * and recover the difference between the market price * * * and the contract price.'

"The plaintiffs in this case chose the first of said remedies. They had a right to choose it and therefore it was error for the trial court to instruct a verdict against them."

See, also, MCLA § 440.1106(1) (Stat Ann 1964 Rev § 19.1106[1]).

Defendant claims MCLA § 440.2708 is controlling as to damages. (He apparently is construing his actions as "non-acceptance" or "repudiation".) Section 440.2709(3), however, indicates that § 440.2708 becomes operable when the seller is found not to be entitled to the price.[1] Thus, if there is no acceptance, then the evidence of verbal contract might be insufficient. However (as stated above), defendant not only removed part of the materials from their situs but, further, acted in a way inconsistent with plaintiff's ownership of the remaining brick in that he sold some of the remaining materials.

The trial judge found that there was evidence supporting plaintiff's claim.[2] We cannot say that this was error.

Affirmed. Costs to plaintiff.

---

[1] We also take cognizance of the fact that the commentary under that section states that an action for the price is available "where the buyer has accepted the goods."

[2] Again, the question of credibility is one better weighed by the trial court.