## No. 11,366.

## L. J. Mueller Furnace Co. *v.* J. A. Battin Stove Supply Co.

Decided May 3, 1926. Rehearing denied May 24, 1926.

Action on contract. Judgment for defendant.

### *Affirmed.*

1.  Trial—*Conduct*—*Judges.* Patience is a cardinal virtue of a trial judge, but he should not permit the time of the court to be taken up with unnecessary and repeated iterations.

2. FRAUD—*Statute—Oral Contract*. An oral contract for the sale of goods in excess of the value of $50 is void unless excepted from the prohibition of the statute of frauds by one or more of the saving clauses.

3. *Statute—Delivery of Goods Sold*. Under an oral contract for the sale of goods in excess of the value of $50, delivery alone to a carrier on the order of the buyer is not enough to avoid the statute of frauds; there must be unequivocal proof of receipt and acceptance by the buyer.

4. SALES—*Delivery—Excess Price*. Under a contract for the sale of goods the purchaser is not obliged to accept them if billed at a price in excess of that fixed by the contract.

5. JUDGMENT—*Wrong Reason*. A judgment being right, the reviewing court will not disturb it because the trial judge gave a wrong reason for his conclusion.

6. CONTRACT—*Consideration—Statute of Frauds*. Where there was an oral contract for the sale of goods in excess of the value of $50, and the price was fixed, as in the instant case, the price or consideration is an essential part of the agreement and must be carried into a written memorandum relied upon to avoid the statute of frauds.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. ELLIS, ROBINSON & SARCHET, Mr. JAMES E. GARRIGUES, Mr. W. DAVID McCLAIN, for plaintiff in error.

Messrs. HINDRY, FRIEDMAN & BREWSTER, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by the Mueller Furnace Company of Milwaukee against the Battin Stove Supply Company of Denver for the price of a carload of furnaces which under an oral contract plaintiff company agreed to sell and the defendant company agreed to buy during the year 1922. Before the plaintiff had concluded its case,

and while one of its witnesses was on the stand, the court stopped the examination and peremptorily directed the jury to return, and it returned, a verdict for the defendant and the action was dismissed. The basis of the court's ruling was that under clause 4 of section 5111, C. L. 1921, our statute of frauds, specially pleaded by the defendant, there could be in no event a recovery by the plaintiff since the contract of sale of the furnaces was for a price of more than $50 and there was no note or memorandum thereof made in writing and subscribed by the parties to be charged therewith, and the buyer did not accept or receive any part of such goods.

The record indicates that plaintiff's counsel, in their desire to preserve the record preparatory to a review in this court, were persistent in insisting upon their right to be heard with an offer of further proof that they desired to make. The presiding judge, if not irritated, manifested impatience by the course pursued by counsel, but in the end permitted a full statement by counsel of their offer of evidence and numerous exhibits and the correspondence between the parties, consisting of letters and telegrams, were tendered and the entire offer has been reproduced in the record filed in this court and printed in the abstract. So that we have before us for consideration plaintiff's entire case as made by the testimony of its agent who was on the stand when the directed verdict was ordered, and by plaintiff's various exhibits which constitute the proof that was offered below and rejected by the court. We are able, therefore, to apply the appropriate principles of law to what we are justified in considering plaintiff's showing to be.

Before proceeding to a discussion on the merits it is proper to observe that it is difficult for this court to put itself in so advantageous a position as that occupied by the trial court in conducting the trials before it. There may be some ground for the criticism that the trial judge was impatient but, as will be seen from the above recital, the court's impatience did not result in depriving

the plaintiff of making the complete record which it desired. Patience is a cardinal virtue of a judicial officer and particularly of a trial judge, but he has a duty not only to the litigants and their counsel but also to the public and should not permit the time of the court to be taken up with unnecessary and repeated iterations. We are not to be understood as condemning or approving all that was done by court or counsel during this trial as a model, but we are impressed with the fact that the unsuccessful party has not been shorn of any of its rights.

The discussion has taken a wide range. Many authorities have been cited and a number of questions argued by learned counsel for both parties. In the view we take of the case it is not necessary to consider all of them. At an early stage of the trial plaintiff's counsel announced to the court that they were proceeding on the theory that the contract itself for the sale of the furnaces was oral. That being so, as the contract was for the sale of goods in excess of the value of $50, it is void unless it is excepted from the prohibition of the statute by one or more of the three saving clauses. Plaintiff's counsel invoke the first and second clauses of the statute, the first being that the contract is saved if a note or memorandum thereof be made in writing and be subscribed by the parties to be charged therewith, and the second that if a buyer shall receive and accept part of such goods, or the evidence of some of them, the contract may be enforced. Delivery alone to the carrier on the order of the buyer, is not enough. There must be unequivocal proof of a receipt and acceptance by the buyer. *Billin v. Henkel,* 9 Colo. 394, 397, 13 Pac. 420. Here the buyer absolutely refused to receive or accept. The court apparently based its directed verdict upon the proposition that the three exhibits which plaintiff says constitute the notes or memoranda of the contract, designated as "A," "B" and "C," are not sufficient to take the contract outside the statute because no con-

sideration or price appeared therein. We think the court was not entirely accurate in its statement or conclusion as to all of the elements that properly enter into such a determination. According to what some text-writers say is the weight of authority, if the price was not fixed by the parties in their oral contract, the presumption of law is that the sale was for a reasonable price and the memorandum thereof need not include a presumption of law and, of course, if no price was fixed there was nothing to be carried into the memorandum as to what the price was. Nevertheless, because of the concession of plaintiff's counsel and what we consider their own evidence to establish, we cannot interfere with this judgment as we proceed to show.

The authorities in this country are not harmonious as to the necessity for a statement in the memorandum of an oral contract of the price or consideration. 27 C. J. p. 267, sec. 318, pp. 280 to 284, secs. 341 to 349, p. 384, sec. 476, p. 259, sec. 308, and the numerous authorities collated in the footnotes. One result of our examination of the record shows that neither party is altogether consistent in its attitude throughout, though it is possible that this is only an apparent inconsistency, due to the inconsistent grounds urged by each of them as separate and distinct grounds for and against the right of the plaintiff to recover. In one place in its brief, defendant says that no price was fixed by the parties and there was no price in the written memorandum. In another place it stresses the fact that the price was quoted by the plaintiff but it was less than the price sued for. A close scrutiny of the defendant's brief we think reveals the fact that what its counsel meant was that no specific price was stated in terms, although, as will be seen later in the opinion, the real price which was quoted could be easily ascertained. The plaintiff in one part of its brief says that no price was fixed by the parties and, therefore, there was nothing relating to price to be carried into the memorandum, the law being in such a case

that a reasonable price would be inferred. In another part of the brief plaintiff says that if it was necessary for the memorandum to contain the price, its absence therefrom can be and may be cured if the contract was performed by the defendant under this third saving clause of the statute. So that we conclude that the inconsistencies of the respective parties are apparent rather than real and they are at liberty, which they have exercised, to discuss their respective contentions under different aspects and upon different theories depending upon the view that is taken of the evidence or of the ultimate facts which it establishes.

As to plaintiff's claim that the statute of frauds was satisfied by delivery and acceptance of the goods by the defendant, or what was equivalent to acceptance, we say that the plaintiff's own evidence disproves the claim. It is sufficient to say that we are convinced that though the defendant released the carload shipment in question and the goods were delivered to the carrier and transported to Denver, before they arrived correspondence shows conclusively to our minds that the order of release by the defendant, which was by a telegram or letter to the plaintiff's agent, was induced by the fraudulent representation of the agent that the defendant would not be obligated to provide storage of the goods upon their arrival because he, the agent, had already made a sale of practically all of them and that delivery could be made from the car without storage. This is what we would be obliged to find sitting as a trier of the facts from the uncontradicted evidence. Before the car arrived the defendant learned, among other things, of the untruthful statements of the plaintiff's agent and that the price for which the goods were billed was a much higher price than the quoted price at the time of the negotiations for the contract and upon the faith of which the contract was entered into by the defendant, and, therefore, it absolutely refused to accept the goods and notified the plaintiff at once that it must for itself ar-

range for storage. The defendant was not obliged to receive the goods if they were billed to it at a price in excess of the contract price. There is no dispute in the record of the defendant's letters and correspondence based upon the claim of this excess price.

But the sole question for decision and the controlling question is whether the price or consideration was orally agreed upon by the parties. In determining this question of course we are not influenced by anything in the defendant's answer. The defendant was not called upon to make a showing. The question must be determined solely from the evidence produced by the plaintiff itself up to the time the court directed the jury to return a verdict for the defendant, and from the plaintiff's offer of further proof that the court refused to hear and which, as already stated, has been reproduced in the printed abstract of record. These are the salient facts as we read the record. The sales agent of the plaintiff, Otis, testified in its behalf. He says that in the several interviews he had with Mr. Battin, the president of the defendant company, with whom the alleged contract was made, he, the agent, had in his possession and produced for the inspection of Mr. Battin the plaintiff's catalogues, price lists and discount sheets of the subject matter of the contract. The parties went over the same together. While no definite or specific price was mentioned before the order was given, the parties consulted and referred to the price lists and discount sheets, and the price of the furnaces was shown by the lists and the discount sheets showed the discount from the printed price to which the defendant was entitled. After these catalogues, price lists and discount sheets were considered and after the price was quoted by plaintiff's agent to the purchaser and a memorandum thereof made by the defendant's agent, the defendant said to the plaintiff's agent: "Go ahead and fix up a carload of furnaces." Such is the testimony of the plaintiff's agent brought out by its own counsel. Plaintiff is bound by it. It suf-

ficiently discloses that the parties, though not fixing a specific price for the furnaces, contracted expressly with reference to the catalogues, price lists and discount sheets and these three documents are included in Exhibits "A," "B" and "C." The price could easily be ascertained therefrom by a mathematical computation. It does appear from the correspondence between the parties found in this record that the defendant claimed the price as quoted at the time the contract was made was later repudiated by the plaintiff's agent and a higher price given, but this does not affect the probative force of the testimony produced by the plaintiff, which, in legal effect, is that some price was definitely agreed upon and fixed by the parties. To these undisputed facts we apply the appropriate principle of law. There was no offer by the plaintiff's attorneys to show that testimony could or would be produced to establish that no price at all was fixed. We are justified, therefore, in assuming that the appropriate principle to be applied here is to a case, which this one is, where an oral contract has been entered into by the parties containing all the essential elements of a valid agreement, aside from the compliance with the statute of frauds, including the price or consideration. Plaintiff's counsel concede in their reply and opening briefs and have approvingly cited 27 C. J. p. 284, sec. 348, reading: " * * * where the parties have stipulated as to the purchase price, it is an essential term which must be included in the memorandum; but that it need not be recited in the writing where the parties have not named a price." In other parts of plaintiff's brief counsel have repeated this statement.

The judgment of the court, therefore, directing a verdict for the defendant because no price was named in the memoranda, and for uncertainty as to the place of delivery of the furnaces, and as to which party shall pay the freight charges, cannot be interfered with although the court may have given a wrong reason or

reasons for its conclusion. Our examination of the record based upon a complete printed abstract leads to the inevitable conclusion that the plaintiff's claim and showing are wholly insufficient to take this case out of the operation of the statute either by the receipt and acceptance of the furnaces by the defendant or by a sufficient written memorandum. The controlling question on which the decision depends and upon which we shall decide the case is thus stated by counsel for the plaintiff in their brief: "The crux of the case is whether the statute of frauds was satisfied by a sufficient memorandum. There are many paths and angles to the case and points of law and fact for consideration, but the ultimate question to which they all lead is the validity of the oral contract to sell goods. * * * Our contention is if there was a binding oral contract for the sale of goods in which the price was left uncertain and not agreed on or fixed, valid apart from the statute of frauds, brought, as the parties made it, into a memorandum that omitted price, and if the goods were shipped and delivered as ordered, it became a sale on delivery, and the price not being fixed by the parties, would be fixed by the law at a reasonable value, and that the court erred in summarily taking this case from the jury because no price appeared on the face of the memorandum." This, taken in connection with the further concession by plaintiff in their brief that if the price or consideration was fixed, it is an essential term and should appear in the memorandum, justifies us in concluding that the plaintiff's recovery here depends entirely upon whether the price or consideration for the goods was fixed at the time of the oral contract. If it was fixed, and the showing is conclusive in this record that it was, plaintiff in no event may recover because, the price being fixed, it was an essential part of the agreement and must, under the authorities as conceded by the plaintiff, be carried into the memorandum and this was not done.

Judgment is affirmed.