# No. 18,484.

FRED C. HOWSE *v.* ALBERT W. CRUMB.
(352 P. [2d] 285)

Decided May 16, 1960.   Rehearing denied June 6, 1960.

Messrs. RECTOR & KANE, for plaintiff in error.

Mr. LOUIS JOHNSON, for defendant in error.

*En Banc.*

MR. JUSTICE DOYLE delivered the opinion of the Court.

PLAINTIFF in error, Fred C. Howse, instituted this action in the district court of El Paso County on April 19, 1956, alleging the sale of two trucks and two trailers to defendant in error, Albert W. Crumb, for a total price of $5,000.00, $500.00 of which was to be paid down, the balance to be paid in accordance with a promissory note secured by a chattel mortgage in the amount of $4500.00. Plaintiff further alleged that defendant had failed to comply with the agreement necessitating sale by him at a loss of $3,245.41 for which amount he prayed judgment.

In his answer, defendant denied the allegations of the complaint and affirmatively pleaded the Statute of Frauds. Following trial to the court (held August 13, 1958), defendant moved to dismiss the action and at the same time advised the trial court of his election to stand on this motion. In sustaining the defendant's motion, the court held that the evidence failed to establish that the note was accepted as part payment for the vehicles and further held that the plaintiff had failed to prove payment or acceptance by the buyer of part of the goods or in the alternative a written memorandum signed by

the defendant, and that as a consequence the Statute of Frauds, C.R.S. '53, 59-1-12, operated to bar the action. Plaintiff seeks a review of this judgment.

The evidence, insofar as here pertinent, shows that the plaintiff had advertised his intention to hold a ranch sale at Yoder, Colorado, on May 27, 1952. In the early evening of the day preceding the sale, defendant called plaintiff on the telephone and expressed the desire to buy two trucks and two trailers prior to the public sale. Thereupon, the defendant went to the plaintiff's home and the terms of the sale were agreed to. The price was fixed at a total of $5,000.00. The sum of $500.00 was to be paid in three or four days and the balance was to be paid in regular installments. Defendant signed a promissory note secured by a chattel mortgage which provided for the scheduled installments, together with the other terms of payment, but failed to mention the total amount of $5,000.00 or the $500.00 down payment.

On the subject of performance of the agreement, plaintiff's testimony at the trial was as follows:

"Q. Did he [the defendant] take possession of one of the trucks, do you know? A. He went out and got one of the trucks and started to town with it, and then he told me that he come a few miles, got over about Ellicott, which was eight or ten miles from this ranch, and he ran out of gasoline and he pulled it back to the ranch where he had picked it up and took it back there and parked it, and then came back to town. Q. Mr. Howse, as I understand it then, you had possession of these vehicles all the time. A. Yes, excepting one day that Mr. Crumb went out and got one truck and started back to town and then took it back. Q. I note in your Complaint 'that the defendant herein refused to comply with the terms of this contract in that he refused to take possession of the equipment purchased,' is that right? A. Well, outside of the fact he took one truck and took it part way to town and then took it back, then he refused . . ."

It was not until three or four months after the agree-

ment that plaintiff notified defendant of his intention to sell the equipment if the latter did not take possession of it and pay for it. On that occasion, according to plaintiff's testimony, defendant stated: "I decided I don't need them." Plaintiff proceeded to advertise the equipment for sale and finally succeeded in selling all the items individually. The dates of sales and amounts realized are as follows:

| | |
|---|---:|
| September 30, 1953 | $1,000.00 |
| June 15, 1954 | 600.00 |
| July 28, 1955 | 400.00 |
| September 26, 1955 | 750.00 |

The particular section of the Statute of Frauds which is here relevant is C.R.S. '53, 59-1-12 (4). This provides:

"(4) Every contract for the sale of any goods, chattels or things in action, for the price of fifty dollars or more, shall be void, unless:

(a) A note or memorandum of such contract be made in writing, and be subscribed by the parties to be charged therewith; or

"(b) Unless the buyer shall accept and receive part of such goods, or the evidence of some of them, of such things in action; or,

(c) Unless the buyer at the time, shall pay some part of the purchase money."

Plaintiff's contention is that the agreement as described above satisfies each of the three exceptions contained in the statute which are set forth above.

*First, as to the matter of acceptance and receipt of the goods.*

The trial court found that there had been no delivery to the buyer of part of the goods, and made no finding as to acceptance. The evidence set forth above clearly indicates that there was a delivery or receipt of the goods, and the act of the defendant in picking up one of the trucks at the ranch and driving it back when it ran out of gas is at least prima facie evidence requiring a finding on the question whether there was a receipt

and acceptance of "part of such goods." 37 C.J.S. §290 at p. 832. Acceptance must be voluntary and unconditional, *Billin v. Henkel,* 9 Colo. 394, 13 Pac. 420. Such acceptance may, however, be inferred from the buyer's conduct in taking physical possession of the goods or some part of them. *Beatty v. Resler,* 108 Colo. 434, 118 P. 2d 1084. See the definition of "acceptance" contained in the Statute of Frauds section of the Uniform Sales Act. C.R.S. '53, 121-1-4, a parallel provision to C.R.S. '53, 59-1-12. C.R.S. '53, 121-1-4 (3) provides:

"There is an acceptance of goods within the meaning of this section when the buyer, either before or after the delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods." Tested by this standard, the plaintiff's evidence presents a fact question and requires a finding on the issue of acceptance. If the trier of the facts is satisfied from the evidence that the defendant accepted and received part of the goods, then and in that event the contract is not barred by the statute. The provisions of the contract not expressed in the writing may then be established by parol evidence if necessary.

*Second, can a note and chattel mortgage be considered "a note or memorandum of such contract" as required by sub-section (e) of the statute?*

■ The note and chattel mortgage described the property and the parties but failed to mention the purchase price, and in view of the character of the action, which is to enforce a contract and not to recover on a note or to foreclose a mortgage, the purchase price was an essential element. Where, as here, the action alleges a contract price and this does not appear in the writing relied on, the writing is not sufficient to take the contract out of the Statute of Frauds, *L. J. Mueller Furnace Co. v. J. A. Battin Stove Supply Co.,* 79 Colo. 418, 246 Pac. 272. See also *Eppich v. Clifford,* 6 Colo. 493.

*Third, the question of part payment of the purchase price.*

██ The trial court was correct in holding that the giving of the note did not satisfy sub-section (c) of the Statute of Frauds relating to part payment. This Court has held that if a note or check is given and accepted as part payment it will satisfy the Statute of Frauds. *Silverberg v. Kiesler,* 74 Colo. 21, 217 Pac. 70. Cases from other jurisdictions recognizing this rule are collected in 49 Am. Jur. *Statute of Frauds,* Sec. 268 and 37 C.J.S. *Frauds, Statute of Sec.* 168. The record before us contains no evidence whatever that the note signed by the defendant was given and accepted as part payment of a debt. It is clear that the note was given to evidence an obligation and not to discharge it. It merely indicates the balance which would be owing if and when the defendant paid plaintiff the $500.00 down payment. Consequently, the giving of this note was not payment of part of the purchase money.

It follows, therefore, that the Statute of Fraud is applicable and that the plaintiff can avoid the bar of the statute only by convincing the trier of the facts that the defendant accepted and received part of the goods sold. It also follows that the cause must be remanded and a new trial must be had.

*Fourth, the question of damages.*

██ The defendant argues that even if the statute is not applicable, nevertheless the plaintiff's case falls because of plaintiff's failure to establish damages as provided by the statutes. C.R.S. '53, 121-1-63 provides that where the property in the goods has passed to the buyer who then wrongfully refuses to pay for them, the seller may maintain an action for the price of the goods. The seller in possession may, in these circumstances, sell the goods on the buyer's account. C.R.S. '53, 121-1-60. In the latter case the measure of damage is the contract price less the amount of recovery on the resale, *Anderson-Thompson, Inc. v. Logan Grain Co.,* 238 F. (2d) 598; 3 Williston, *Sales,* Sec. 545, n. 2 (rev. ed. 1948). It is to be noted, however, that the seller is bound to exercise

reasonable care and judgment in thus reselling the goods, C.R.S. '53, 121-1-60 (5). This statutory requirement of reasonable care and judgment is a codification of the common law. See *Magnes v. Sioux City Nursery and Seed Co.,* 14 Colo. App. 219, 59 Pac. 879. 3 Williston, *Sales,* Sec. 547 at 168 (rev. ed. 1948). See also *Dolfin v. Bruesselbach,* 111 Colo. 525, 143 P. (2d) 1014, Cf. *Uniform Commercial Code,* 2-706, comment 2. It may be noted that the measure of the seller's claim when based on the contract price less the net proceeds of a resale, may in fact be different from the measure of damages provided in the case of non-acceptance of the goods, C.R.S. '53, 121-1-64. In such case the measure is the difference between the contract price and the fair market price at the time when the goods ought to have been accepted. *Obrecht v. Crawford,* 174 Md. 385, 2 A. (2d) 1. Although this difference in the amount of recovery may exist, it is clear that the statute does not contemplate putting the seller in the position of being able to penalize the buyer by selecting a disadvantageous time to resell the goods. Initially, therefore, the burden is on the seller to prove that the resale was made with reasonable care and judgment, 46 Am. Jur. *Sales,* Sec. 582. Once, however, the seller has introduced evidence establishing that fairness and good faith was observed the buyer has the burden of showing that it was not fair and in good faith, *Growers' Exchange v. John A. Eck Co.,* 66 Utah 340, 242 Pac. 391; *Washington Electric Cooperative, Inc. v. Norry Electric Corp.,* 193 F. (2d) 412; *Higgins v. California Prune & Apricot Growers, Inc.,* 16 F. (2d) 190, 193, *cert. dismissed on stipulation,* 273 U.S. 781.

Determination of the issue of whether the resale was made with reasonable care and judgment is for the trier of the facts.

The judgment of the district court is reversed and the cause is remanded for a new trial, or further proceedings consistent with the views herein expressed.