No. 24692.

LISBETH K. LINLEY *v.* R. COURTNEY HANSON.
(477 P.2d 453)

Decided November 30, 1970.     Rehearing denied December 21, 1970.

240

Akolt, Shepherd, Dick & Rovira, Lael S. DeMuth, Mitchell Benedict, III, for petitioner.

Robert W. Caddes, for respondent.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Petition for writ of certiorari was granted in this case to review the judgment of the Colorado Court of Appeals in *Hanson v. Linley,* 28 Colo. App. 18, 470 P.2d 78.

The limited question in this review is whether the Court of Appeals ignored any principles of law laid down in prior decisions of this court. As applied to the facts in this case, we hold that it did.

The controversy between the parties arose in connection with the purchase and sale of a ranch. The real estate transaction was in writing and not in dispute, but an alleged sale of some hay, propane gas and five horses was orally contracted between the parties. (See *Hanson v. Linley, supra,* for more detailed facts.)

Suit was brought by Hanson against Linley for the cost of the hay, propane and the horses. Linley counterclaimed for reimbursement for the cost of feeding the horses, which she denied purchasing.

Upon trial to the court on sharply conflicting evidence, the trial court entered findings that the hay and propane had been consumed and there was an implied obligation to pay for them. In separate findings the court found and concluded that there was an oral contract; that it was for chattels within the terms of the Statute of Frauds (C.R.S. 1963, 59-1-12(2)(a); that the sale was for more than $50; that there was no written memorandum of such contract subscribed by the parties; that the defendant (Linley) *did not accept* and receive *any of the five horses*; that the contract was void under the Statute of Frauds.

Judgment was entered for Hanson for the sum representing the value of hay and propane consumed and the complaint was dismissed as to the claim for the purchase price of the horses. Judgment for Linley for cost of feeding the horses was entered on the counterclaim.

Writ of error was sued out in this court to the judgment of dismissal against Hanson and error also was assigned to the judgment on the counterclaim, and the case was transferred to the Court of Appeals.

The Court of Appeals in announcing its decision reversed the judgment of the trial court and remanded the case with directions to enter judgment in favor of Hanson for the full purchase price claimed by him for the horses and to vacate the judgment on Linley's counterclaim. In doing so the Court of Appeals failed to comply with and acted contrary to the law as announced by this court.

■ The question of acceptance as it relates to the Statute of Frauds has been held by this court to be a question of fact. *Howse v. Crumb*, 143 Colo. 90, 352 P.2d 285. In that case the trial court had failed to make a finding regarding acceptance. The case was remanded by the Supreme Court to the trial court for entry of such finding. The remand was necessary because the Supreme Court was convinced that delivery of the merchandise was not tantamount to acceptance as a matter of law.

In construing the Statute of Frauds provision dealing with the question of acceptance, the court stated:

"There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specified goods. *Tested by this standard, the plaintiff's evidence presents a fact question and requires a finding on the issue of acceptance.* If the trier of facts is satisfied from the evidence that the defendant accepted and received part of the goods, then and in that event the contract is not barred by the statute." (Emphasis added.)

In making it clear that acceptance must be found as a question of fact, this court further stated in the *Howse* case:

"It follows, therefore, that the Statute of Fraud is applicable and plaintiff can avoid the bar of the statute only by convincing the *trier of facts* that the defendant *accepted and received* part of the goods sold." (Emphasis added.)

▮ In arriving at its decision in the instant case, the Court of Appeals entered findings diametrically opposed to the finding of no acceptance by the trial court. The Appeals Court held that there was an *acceptance of the horses* by Linley and that such acceptance took the oral contract out of the Statute of Frauds. This was contrary to approved appellate practice.

▮ The trial court having resolved conflicting evidence in favor of the defendant Linley, those findings should not have been disturbed on review unless manifestly erroneous or actuated by passion or prejudice. *Briano v. Rubio,* 141 Colo. 264, 347 P.2d 497. The trial court and not an appellate court is the trier of fact. *Brewer v. Williams,* 147 Colo. 146, 362 P.2d 1033. The sole inquiry of the Court of Appeals regarding the fact issue should have been whether there was sufficient evidence in the record to sustain the trial court's findings even though it was possible for reasonable men to arrive at

different conclusions based on the same facts. *Whatley v. Wood,* 157 Colo. 552, 404 P.2d 537.

■ There was ample evidence to support the trial court's findings.

The judgment is reversed and the cause remanded with instructions to the Court of Appeals to affirm the judgment of the trial court in all particulars.