507 P.2d 1114 (1973)
Albert P. FOLSOM, Plaintiff-Appellant,
v.
SECURITY NATIONAL BANK, Defendant-Appellee.
No. 72-152.
Colorado Court of Appeals, Div. II.
February 21, 1973.
Costello, Kofoed & O'Donnell, Eugene F. Costello, David L. Kofoed, Declan J. O'Donnell, William R. Downhan, Denver, for plaintiff-appellant.
Rothgerber, Appel & Powers, Donald L. Giacomini, Denver, for defendant-appellee.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Folsom brought this action to compel Security National Bank, the transfer agent for Beaver Mesa Exploration Co., to register the transfer of stock certificates in that corporation to him. The Bank had refused to do so on the ground that the certificates were not valid, having been cancelled on the books of the corporation. The court, after a trial without a jury, entered judgment dismissing the action. Folsom appeals. We affirm.
The duty of an issuer (and its transfer agent) to register the transfer of its securities is set forth in C.R.S.1963, XXX-X-XXX, which provides, as pertinent here:
"(1) Where a security in registered form is presented to the issuer with a request to register transfer, the issuer is under a duty to register the transfer as requested if:
.......
(e) The transfer is in fact rightful or is to a bona fide purchaser." *1115 The trial court, after making extensive findings, concluded that plaintiff had not satisfied the above conditions of the statute and that the Bank was under no duty to register the transfer.
Folsom contends that the transfer was in fact rightful and that even if it were correctly determined to be wrongful he was still entitled to have the transfer registered because he was a bona fide purchaser. The Bank concedes that under the statute Folsom would be entitled to the registration of the transfer if the transfer were rightful or if Folsom were a bona fide purchaser. See Kaiser-Frazer Corp. v. Otis & Co., 2 Cir., 195 F.2d 838. However, it asserts that the transfer was wrongful and that Folsom was not a bona fide purchaser.
C.R.S.1963, XXX-X-XXX states:
"A `bona fide purchaser' is a purchaser for value in good faith and without notice of any adverse claim who takes delivery of a security in bearer form or of one in registered form issued to him or indorsed to him or in blank."
The evidence establishes that Folsom had been informed that the certificates were not validly issued before he accepted delivery and that he had not acquired them for value and in good faith. Therefore, Folsom was not a bona fide purchaser. These findings, being supported by the evidence, will not be disturbed on review. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453, Thiele v. State, 30 Colo.App. 491, 495 P.2d 558.
The Bank's evidence, which was undisputed, established that the certificates were no longer valid, having been cancelled on the books of the company. No evidence was offered by Folsom to contradict the correctness of the company records or to establish that the certificates were in fact valid. Transfer of cancelled, invalidated certificates does not constitute a rightful transfer. Since the transfer was not in fact rightful and Folsom was not a bona fide purchaser, the Bank was justified in refusing to register the transfer.
The above discussion being dispositive of Folsom's right to have the transfer registered, we need not discuss his further contention that refusal to register a rightful transfer would constitute a taking of property without due process.
Judgment affirmed.
ENOCH and SMITH, JJ., concur.