**In the Matter of the Petition of J.A.A., Appellant,**

**For the Adoption of a Child, C.M.R.,**

v.

**C.R., Appellee.**

**No. 80CA0355.**

Colorado Court of Appeals, Div. I.

Sept. 11, 1980.

Brian Maguire, Denver, for appellant.

John M. Case, P.C., John M. Case, Littleton, for appellee.

COYTE, Judge.

Stepfather appeals the trial court's denial of his petition for adoption of his stepchild. We affirm.

After hearing on the petition, the trial court found that even though the natural father lived in the same area as the child, he had failed to contact the child for a period of three years and had failed to pay child support, that the natural father had abandoned the child and that his parental rights were subject to termination, that the child is well cared for by the stepfather and has been integrated into the stepfather's home, and that the stepfather is a fit and proper person to adopt the child. However, the court concluded that there was no compelling reason to sever the parent–child relationship so as to permit the child's adoption by the stepfather, that it would be in the best interest of the child to maintain and develop a relationship with his natural father, and that the development of such relationship outweighs the possible adverse effect of the natural father again abandoning the child as he has in the past.

As pertinent here § 19–4–112, C.R.S. 1973, provides for a hearing on the petition for adoption, for a decree setting forth the court's findings, and for a final decree of adoption if the court is satisfied as to: the availability of the child for adoption; and the fact that the best interest of the child will be served by the adoption.

While the trial court found that the child was otherwise available for adoption, *see* § 19–4–107(1)(e)(II), C.R.S. 1973, the trial court also found that, as of the time of this petition, it was not in the best interest of

the child to proceed with the adoption. It therefore dismissed the petition. This decision is within the discretion of the trial court. *See* § 19–4–112(4), C.R.S. 1973; *cf. People In the Interest of C.S.*, Colo., 613 P.2d 1304, (1980).

The record includes psychological evaluations of the principals in this action submitted by several mental health professionals. All of the reports recommended that it would not be in the best interest of the child to proceed with the adoption at the present time.

Since the record contains evidence which supports the findings of the trial court, these findings are binding on us on appeal. *See Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

Judgment affirmed.

PIERCE and RULAND, JJ., concur.