**TENDERFOOT MOUNTAIN PROPER-
TIES, a partnership,
Plaintiff-Appellant,**

v.

**Richard T. JONES and Ski Country De-
velopment Corporation, Defendants,**

and

**The Colorado Real Estate Commission,
Additional Defendant-Appellee.**

**No. 80CA0313.**

Colorado Court of Appeals,
Div. I.

Dec. 11, 1980.
Rehearing Denied Jan. 15, 1981.

Kelly, Haglund, Garnsey, Kahn & Don-
nell, Norman D. Haglund, Denver, for
plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F.
Hennessey, Deputy Atty. Gen., Mary J.

Mullarkey, Sol. Gen., Elizabeth A. Comeaux, Asst. Atty. Gen., Denver, for additional defendant-appellee.

COYTE, Judge.

Plaintiff appeals from a judgment of the trial court refusing to allow it to recover from the real estate recovery fund. We affirm in part and reverse in part.

Richard T. Jones was a real estate broker for Ski Country Development Corporation (SCDC), which was engaged primarily in the sale of properties for Tenderfoot Mountain Properties (TMP). Because of Jones being a real estate broker, SCDC was also licensed as a broker. *See* § 12–61–103(7) and (8), C.R.S.1973. Jones owned more than 20% interest in TMP and was the managing partner.

As broker, SCDC maintained an escrow account in which it kept "earnest money" paid upon contracts between purchasers of land and TMP. Jones transferred $10,000 from the escrow account to the operating account of SCDC. He subsequently withdrew from the SCDC operating account this money for his own use. He attempted to conceal the transfer and withdrawal of these funds from TMP. Subsequently, he deeded a lot owned by TMP to himself, borrowed $18,000 from the local bank, gave the lot as security, and requested that the papers on this transaction not be recorded.

Sometime later, one Cox became the co-manager of TMP and purchased this same lot from TMP. Jones assured him that there were no encumbrances on the lot and did not reveal that he had conveyed the lot to himself and encumbered it. Cox subsequently discovered that there was the encumbrance on the property and obtained a quitclaim deed from Jones. However, the encumbrance of the bank was still outstanding on the lot.

TMP then commenced an action against Jones alleging fraud and deceit by Jones in the two transactions. It obtained a judgment in the amount of $10,533.33 on the conversation of the funds and $21,411.67 because of the encumbrance on the lot. This judgment was not appealed. It contained no specific findings of fact as to the factual basis for the judgment.

Complaint was made against Jones and SCDC to the Colorado Real Estate Commission. Jones never appeared to defend his actions. Jones' broker's license and the license of SCDC were suspended.

Within the time required by § 12–61–303, C.R.S.1973, TMP filed a motion to make the Colorado Real Estate Commission a party, and attached the findings of the commission to its motion. The motion also sought an order directing the commission, as a party, to pay its judgment against Jones. Since there were no findings made by the trial court as to the factual basis for the judgment in favor of TMP, and since the matter was tried before a different judge, the court required an evidentiary hearing. At the conclusion of the hearing, the court denied recovery to plaintiff on the basis that Jones was not performing acts on behalf of TMP for which a real estate license was required at the time of the happening of the two incidents discussed above.

Initially, TMP argues that the findings of the Real Estate Commission are *res judicata* as to whether Jones was acting in his capacity as a broker when he converted the $10,000 and encumbered the lot, and thus, are binding on the trial court.

■ These findings of the commission were attached to plaintiff's motion to make the commission a party but were not introduced into evidence at the hearing and were not referred to by the trial court in its findings. Thus, they were not evidence in his case and were not binding on the trial court. *Hummel v. Skyline Dodge Inc.*, 41 Colo.App. 572, 589 P.2d 73 (1978).

■ We agree with the trial court relative to the transfer of the lot. Jones did not have a written listing agreement. His only connection with the sale so far as the record is concerned is that he, as a notary public, acknowledged the signature of Cox to the deed. We agree with the trial court that this does not in and of itself show that Jones was acting as a broker for TMP when

Cox purchased the lot or when Jones transferred the lot to himself and encumbered the same. He, at that time, was managing partner, owned more than 20% of the partnership, and would not necessarily require the services of a broker. *See* § 12–61–101(4)(g), C.R.S.1973.

Accordingly, the evidence supports the findings of the trial court that Jones was not acting as a real estate broker on behalf of TMP when he transferred the lot to himself or when he made the misrepresentations to Cox. Accordingly, this finding is binding on us on appeal. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970).

However, we disagree with the trial court on the transfer of the $10,000 from the escrow fund by Jones. As to that action, the money was in the escrow account of the real estate company, was transferred into the operating account, was spent from there by Jones for his personal purposes, and the transfer was concealed from TMP. The evidence does not support the finding of the trial court that the removal and the use of the escrow funds was not done by Jones and his company while he was acting as a broker. One of the primary purposes of the Real Estate Recovery Fund Act, § 12–61–301, *et seq.* C.R.S.1973, is to protect the disposition of escrow funds placed in the hands of the broker in the usual course of his business.

It is urged that allowing recovery against the fund would in effect allow Jones to recover for his own wrongdoings. Jones has no present interest in TMP. Also, § 12–61–305(1), C.R.S.1973, provides:

"When, upon order of any court, the real estate commission has caused payment to be made from the real estate recovery fund to a judgment creditor, the real estate commission shall be subrogated to the rights of the judgment creditor with respect to the amount so paid."

Accordingly, we affirm the judgment of the trial court as to the disallowance of recovery from the real estate recovery fund in the amount of the encumbrance on the lot purchased by Cox. We reverse as to the $10,000 issue, and remand the case to the trial court with directions to enter judgment in favor of TMP in the amount of its loss in connection with the conversion of the $10,000 by Jones together with costs, plus interest and attorney's fees as provided by statute.

PIERCE and RULAND, JJ., concur.