Delbert A. HERMAN and Steamboat Excavating, Inc., Plaintiffs-Appellees and Cross-Appellants,

v.

STEAMBOAT SPRINGS SUPER 8 MOTEL, INC., Defendant-Appellant and Cross-Appellee,

and

Bill Welk, Defendant and Cross-Appellee,

and

Routt County National Bank of Steamboat Springs, a National Banking Association, and Public Trustee of Routt County, State of Colorado, Defendants.

No. 80CA0412.

Colorado Court of Appeals, Div. I.

May 21, 1981.

Rehearing Denied June 4, 1981.

Certiorari Denied Oct. 5, 1981.

Grassby, Holloran & Burris, Michael J. Holloran, Steamboat Springs, for plaintiffs-appellees and cross-appellants.

Mitchem & Mitchem, P. C., James E. Mitchem, Denver, for defendant-appellant and cross-appellee and defendant and cross-appellee.

COYTE, Judge.

Defendant Steamboat Springs Super 8 Motel, Inc., (motel) appeals the judgment of the trial court awarding plaintiffs, Delbert A. Herman and Steamboat Excavating, Inc., $12,091.94 plus interest and costs, and foreclosure of their mechanic's lien. Plaintiffs cross-appeal seeking a personal judgment against defendant Bill Welk and an award of attorneys' fees. We affirm.

This action was brought to recover $12,091.94 allegedly due for excavation and fill work performed in the construction of the Steamboat Springs Super 8 Motel. Plaintiffs had estimated the cost of excavating and providing fill at a price of approximately $7,415 based upon an assumed depth of 30 inches. The written proposal was approved by officials of the motel and was signed by defendant Welk. The plaintiffs performed the excavation and fill work at the site. However, they claim that a depth of between 3 and 6 feet was required. They billed the defendants $12,091.94. No payment was made and plaintiffs brought this action.

## I.

The motel contends that the trial court erred in failing to find plaintiffs

guilty of deceptive trade practices under the Colorado Consumer Protection Act, § 6–1–101 et seq., C.R.S.1973 (CCPA). It contends that plaintiffs, in billing them for work done without written orders, were guilty of a deceptive trade practice under the CCPA in that their assurance that there would be no alteration without written orders was a false representative concerning the price of plaintiffs' services and that the estimate was one with which defendant did not intend to comply. We disagree.

The CCPA does not apply here. Plaintiffs submitted to defendants a written estimate that the cost of labor and material for doing the work, based on the assumed depth, would amount to approximately $7,415. This estimate provided that "[a]ny alteration or deviation from above specifications involving extra costs will be executed only upon written orders...." There was no change in the cost of labor and materials in the billing. The job just required more time and material than originally estimated. The vice-president of Steamboat Excavating, Inc., who signed the estimate refused to bid a firm price for the work, but estimated the amount of time and materials necessary to do the job and explained to defendant Welk, an employee of the motel who signed the estimate, that there could be a variance based on what was found after excavation. Welk also was told, during excavation, that work would have to be in excess of the original estimate because of a sump problem.

## II.

The motel contends that the trial court erred in admitting plaintiffs' invoices of work done on the project when a proper foundation was not laid. We disagree.

■ For documents to be admissible under the business records exception to the hearsay rule, the document must be made by a person with knowledge or from information from one with knowledge. Colorado Rules of Evidence 803(6).

■ The invoices were prepared from employee time sheets. The vice-president of Steamboat Excavating, Inc., testified that he knew that the items of materials and labor were furnished for the project as specified in the invoices. These invoices, based on employee time sheets, were admissible as records kept in the regular course of business. *See Good v. A. B. Chance Co.,* 39 Colo.App. 70, 565 P.2d 217 (1977).

## III.

The motel's contention that the trial court was biased and prejudiced against defendants is not supported by any evidence in the record and is without merit.

## IV.

■ Plaintiffs, on cross-appeal, contend that the trial court erred in not rendering a personal judgment against defendant Welk. We disagree.

The trial court found that insufficient evidence was presented that Welk was acting in any other capacity than as an agent for the motel and concluded plaintiffs were not entitled to a judgment against him. The record supports the findings of the trial court, which findings are binding on us on appeal. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970).

## V.

■ Plaintiffs also contend on cross-appeal that the trial court erred in not awarding them attorneys fees pursuant to § 13–17–101, C.R.S.1973 (1980 Cum.Supp.) which provides in pertinent part that the court shall award attorneys fees in any suit involving money damages upon a finding that the defense was frivolous or groundless. Finding that defendants were relying on the representation of their expert that plaintiff had not supplied the amount of materials and labor billed, the trial court determined that the defense of the suit was not frivolous or groundless. This finding is supported by the record and is binding on appeal. *Linley v. Hanson, supra.*

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.