Paula M. SEETHALER, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO, (Ex-Officio Unemployment Compensation Commission of Colorado), and Lamar Community College, Respondents.

No. 82CA0121.

Colorado Court of Appeals,
Div. III.

Oct. 7, 1982.

As Modified on Denial of Rehearing
Dec. 16, 1982.

George C. Price, Aurora, for petitioner.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Nancy Connick, Asst. Atty. Gen., Denver, for respondent Lamar Community College.

Patricia Blizzard, Asst. Atty. Gen., Denver, for respondent Industrial Com'n of the State of Colo.

KIRSHBAUM, Judge.

Petitioner, Paula M. Seethaler, seeks review of an Industrial Commission order disqualifying her for a period of 20 weeks from receipt of unemployment compensation benefits. We affirm in part and set aside in part.

The record reveals the following facts. Petitioner was employed as director of the Lamar Community College learning resources center during the nine-month period from September 1, 1979, through May 31, 1980, at a gross salary of $11,436. In June 1980, the College mailed petitioner a contract offering her employment for the same position from September 2, 1980, through June 13, 1981, at a gross salary of $12,134. Petitioner signed and returned this contract on about July 8. Petitioner also attached to the executed contract a document which stated as follows:

"I am attaching this addendum to this contract. The salary stated in the contract is far below that of comparable administrators at this institution. Also, contrary to LCC position announcement (see attached) it was stated that the salary for the librarian would be competitive with institutions of similar size within the State of Colorado. The salary in the past and in this contract falls several thousand dollars below my colleagues at Otero and Trinidad, to name only two institutions of similar size in the State of Colorado.

"Also, it was previously agreed that the dates of contract would be from September 1 to May 30. In this new contract you have extended my working days to June 13. Does this mean I can take off other days with the faculty during spring break in lieu of the unexpected extension?"

On July 10, 1980, the College sent a letter to petitioner stating that it considered her response to be an unacceptable counteroffer. The letter also stated that petitioner should return another executed contract by July 18 and that failure to do so would be considered a decision by her that she did not wish to be rehired. Petitioner did not execute another document. On July 23, she applied for unemployment compensation benefits.

On September 16, 1980, a deputy found that petitioner had quit her job because of salary dissatisfaction and because the wages offered by the College were less than those prevailing for similar jobs. The depu-

ty concluded that petitioner was entitled to a full award of benefits pursuant to § 8–73–108(4)(n), C.R.S.1973 (1981 Cum.Supp.).

The College appealed, and a full hearing was held. A referee found that the "addendum" constituted a "condition," and that, therefore, petitioner had "refused" the College's offer. The referee then concluded that the refusal was justified because the offer constituted a substantial change in working conditions, and granted petitioner a full award pursuant to § 8–73–108(4)(d), C.R.S.1973 (1981 Cum.Supp.). The College again appealed. The Commission ultimately concluded that petitioner was entitled to a full award of benefits pursuant to § 8–73–108(4)(a), C.R.S.1973 (1981 Cum.Supp.), but that the award should be reduced by 20 weeks because petitioner's conduct constituted a refusal of an offer of suitable work pursuant to the statutory section now codified as § 8–73–108(5)(d)(I), C.R.S.1973 (1981 Cum.Supp.).

Petitioner contends that the Commission erred in concluding that she refused the College's offer. We agree.

 The Commission's findings of fact, if supported by evidence, are binding upon this court on appeal. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970). However, interpretation of the "addendum" and its relationship to the document prepared by the College and executed by petitioner in June 1980 are questions of law. The Commission's determination of the legal significance of those documents is not binding on this court upon review.

The College's offer, when accepted by petitioner, constituted a binding agreement. Contrary to the Commission's conclusion, the addendum does not qualify or modify the provisions of the executed agreement. Comments and queries are contained therein—not conditions. Petitioner's expressed unhappiness with the agreed upon contractual terms does not transmute her comments into alterations or amendments of the parties' agreement.

Because petitioner neither refused nor altered the offer of employment, the provisions of § 8–73–108(5)(d)(I), C.R.S. 1973 (1981 Cum.Supp.) do not apply. In view of this conclusion, we do not address her alternative argument that the offered employment was not "suitable" work within the meaning of § 8–73–108(5)(d)(I), C.R.S. 1973 (1981 Cum.Supp.).

The Commission's conclusion that the petitioner is entitled to a full award of benefits pursuant to § 8–73–108(4)(a), C.R.S. 1973 (1981 Cum.Supp.), has not been challenged, and is therefore affirmed. The Commission's order is set aside insofar as it reduced the full award granted to petitioner.

BERMAN and TURSI, JJ., concur.