FLIGHT SYSTEMS, INC., Plaintiff-Appellee and Cross-Appellant,

v.

ELGOOD–MAYO CORP., Defendant-Appellant and Cross-Appellee.

No. 80CA0705.

Colorado Court of Appeals,
Div. II.

Dec. 16, 1982.

Rehearing Denied Jan. 27, 1983.

Mosley, Wells & Spence, P.C., Philip E. Johnson, Morris B. Hoffman, Denver, for plaintiff-appellee and cross-appellant.

Roath & Brega, P.C., James G. Benjamin, Denver, for defendant-appellant and cross-appellee.

VAN CISE, Judge.

Defendant, Elgood-Mayo Corp., appeals a judgment for breach of contract entered in favor of plaintiff, Flight Systems, Inc. after a trial to the court. Flight Systems cross-appeals the amount of damages awarded. We affirm except for the amount of damages.

Elgood-Mayo contracted with Perini Corporation, a mining company in Basalt, Colorado, to provide Perini with three twelve-ton battery operated locomotives. Elgood-Mayo does not itself build such locomotives; it acts as a retailer, supplying them from a manufacturer, Balco Corp. Balco locomotives were delivered to Perini, but they failed to perform. Balco was unsuccessful at remedying the problems. Perini then sought assistance from Elgood-Mayo; it, in turn, contacted Flight Systems to see if it could provide a solution.

As a result of a meeting and a subsequent telephone conversation, Flight Systems and Elgood-Mayo entered into an oral contract whereby Flight Systems would manufacture and install electric control panels in one of the locomotives at Basalt for Elgood-Mayo at an "approximate target price" of $10,000. Elgood-Mayo followed this up with a written confirmation in the form of a purchase order. The work on the panels commenced before, and they were installed after, the date of the purchase order.

Perini then conducted tests. There were no defects in the control panels, but there was a malfunction in the locomotive motors, over which Flight Systems had no control. Accordingly, Perini refused to accept the locomotive. Elgood-Mayo then notified Flight Systems that it would not pay for the panels. Flight Systems salvaged some materials from the locomotive and sued for the balance claimed to be owing for the panels.

Elgood-Mayo defended principally on a provision in the purchase order that "[p]ayment to Flight Systems for this order is based on successful testing and acceptance by Perini Corp." The trial court entered judgment for Flight Systems.

I.

On appeal, Elgood-Mayo renews its contention that acceptance of the locomotive by Perini was a condition precedent to plaintiff's right to recover. It asserts that

since Perini did not accept the locomotive, it was error for the court to enter any judgment for Flight Systems. We do not agree.

 By the court's ruling, it implicitly found that the purchase order was not the contract; it was a confirmation of the oral contract. The provision calling for acceptance by Perini was not a part of that contract; it was merely a proposal for an addition to the contract. This finding, being based on competent evidence, is binding on review. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970).

Since this provision would have been a material alteration and was not expressly agreed to by Flight Systems, it did not become a part of the contract, and Flight Systems was not bound by it. Section 4–2–207(2)(b), C.R.S.1973, and official comments 3 and 4 thereto; *see Cargill, Inc. v. Stafford,* 553 F.2d 1222 (10th Cir.1977).

## II.

Elgood-Mayo next contends that the court erred in the $4,675 amount of credit or set-off it allowed against the principal judgment. Since the evidence on this issue was conflicting and the figure arrived at by the court is supported generally by Elgood-Mayo's own exhibit, we will not disturb the court's finding. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

## III.

Elgood-Mayo also asserts that the court erred in allowing interest on the amount of the judgment from February 26, 1977, found by the court to be the approximate date the panels were installed. We do not agree. Pursuant to § 5–12–102, C.R.S. 1973, as amended in 1975, interest was recoverable from the date the amount becomes due.

## IV.

Flight Systems contends in its cross-appeal that the court erred in the principal amount of the judgment entered in its favor, $10,000 before credit for the salvage. We agree.

The only support in the record for the $10,000 figure is the reference to this as the "approximate target price." So described, that is not a fixed or agreed figure. The evidence is in conflict as to the proper figure.

The judgment is affirmed except for the principal amount awarded to Flight Systems. That part of the judgment is reversed, and the cause is remanded for determination of the proper amount to be awarded and for modification of the judgment accordingly.

SMITH and STERNBERG, JJ., concur.