The WESTERN NATIONAL BANK OF COLORADO SPRINGS, a National Association, Plaintiff-Appellee,

v.

VFW POST 8103, Thomas E. Moore, Jr., Charles A. Earhart, Marvin E. Smith, and Lester L. Stroup, Defendants-Appellants,

Emil H. Hein, Billie McConald, Defendants.

No. 81CA0703.

Colorado Court of Appeals, Div. III.

Feb. 10, 1983.

Hendricks & Hendricks, Michael E. Hendricks, Colorado Springs, for plaintiff-appellee.

Jerry A. Smith, P.C., Jerry A. Smith, Colorado Springs, for defendants-appellants.

TURSI, Judge.

Defendants, Veterans of Foreign Wars Post 8103 and four individually-named guarantors of a promissory note and security agreement (VFW), appeal a deficiency judgment entered in favor of plaintiff, Western National Bank of Colorado Springs

(bank), following sale by bank of collateral pledged by VFW. We affirm.

■ Trial was to the court on certain stipulated facts and additional evidence. The trial court found that the security had been sold at private sale for a price current in the market at the time of the sale, and that the sale had been conducted in a customary and common method which conformed with reasonable commercial practice among dealers in the subject type property. These findings are supported by the record and will not be disturbed on appeal. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970). The trial court concluded that the bank's disposition of the collateral was in accordance with § 4–9–507(2), C.R.S.1973, and that the notice of the intended disposition complied with § 4–9–504(3), C.R.S.1973 (1982 Cum.Supp.).

The only substantial issue remaining before us is whether, pursuant to § 4–9–504(3), the letter used by the bank satisfies the requirement of reasonable notification of the time after which private sale of pledged collateral is to be made.

Section 4–9–504(3) contains the following pertinent language:

"[R]easonable notification of the time and place of any public sale *or reasonable notification of the time after which any private sale or other intended disposition is to be made* shall be sent by the secured party to the debtor...." (emphasis added)

The notification here was by letter and stated:

"On October 17, 1979, we notified you that the loan on the VFW Post 8103, which you personally guaranteed was in default, and you had until November 7, 1979 to bring this current or make arrangements to payoff this obligation. To date we have not heard from you.

Therefore, if you do not payoff this loan by December 20, 1979, we will sell the collateral on this loan which is a 28′ × 100′ tin building located in Black Forest, Colorado. The bank will sell this collateral in a reasonable commercial matter (sic)."

The purpose of the notice requirement is to give all persons having interests in the collateral or facing possible deficiency claims an opportunity to protect their interests and to utilize all practicable means of reducing or eliminating their potential liability. *First National Bank v. Cillessen,* 622 P.2d 598 (Colo.App.1980).

■ Collateral may be sold at either public or private sale, at the creditor's option. Section 4–9–504(3). Since the bank chose to dispose of its collateral by private proceedings, it did not need to set forth a specific notification of time and place as is required in a public sale. In the case of a private sale, the statutory notice requirement is fulfilled when the creditor sends reasonable notification stating the date after which the collateral will be sold. Thus, the content of the notice here sufficiently informed VFW that the bank had opted to use private proceedings. *See Lake Shore National Bank v. McCann,* 78 Ill.App.2d 580, 33 Ill.Dec. 577, 396 N.E.2d 1301 (1979). We therefore agree with the trial court's ruling that the letters to Post 8103 and the individual defendants complied with the notice requirements of § 4–9–504(3).

Judgment affirmed.

BERMAN and KIRSHBAUM, JJ., concur.