**Dorothy LOCKHART,
Plaintiff-Appellant,**

v.

**Dana ELM and Barbara Elm,
Defendants-Appellees.**

**No. 84CA0603.**

Colorado Court of Appeals,
Div. I.

March 26, 1987.

Charles M. Dosh, Denver, for plaintiff-appellant.

Banta, Hoyt, Banta, Greene, Hannen & Everall, Richard D. Greene, Englewood, for defendants-appellees.

Sherman & Howard, Edward A. Gleason, Denver, co-counsel for defendants-appellees.

METZGER, Judge.

Plaintiff, Dorothy Lockhart, brought this action to recover the purchase price for goods allegedly sold on open account to defendants, Dana and Barbara Elm. Defendants counterclaimed, seeking the reasonable value of the assets of their business. The trial court dismissed the complaint and the counterclaim. Plaintiff appeals and we affirm.

This action arose from an alleged oral agreement between defendants, who owned and operated Belle Fashions, a dress shop in Idaho Springs, and plaintiff, who operated a dress shop in Granby. In August of 1977 plaintiff apparently agreed to supply merchandise on open account to defendants in exchange for a brokerage fee of 10 percent of plaintiff's cost. The alleged agreement provided that plaintiff would receive the proceeds from the sale of the merchandise minus expenses, until the account was paid in full. Defendants appar-

ently agreed to pay plaintiff "as soon as they possibly could."

Plaintiff supplied great quantities of merchandise to defendants for almost five years and they paid her virtually all the revenues of their business, totalling some $91,710. In June 1982, plaintiff unilaterally took control of defendants' business, and sold the merchandise then on hand as her own. Thereafter, plaintiff initiated this action in which she alleged that defendants owed her $80,893 for the merchandise she had supplied. Defendants filed an answer and counterclaim asserting, among other things that plaintiff's complaint was barred by § 4–2–201(1), C.R.S., the statute of frauds provision of the Uniform Commercial Code which applies to contracts for the sale of goods over $500.

The trial court, sitting without a jury, found that the alleged agreement between the parties constituted a transaction in goods pursuant to § 4–2–102, C.R.S. (1986 Cum.Supp.), and thus, it concluded, the provisions of § 4–2–101, et seq., C.R.S., governed. It also found that the alleged agreement between the parties did not comply with § 4–2–201, C.R.S., because it was not in writing. Further, the trial court found, the alleged agreement did not fall within the exception to this statute for goods which had been received and accepted, *see* § 4–2–201(3)(c), C.R.S., because there was no evidence that the goods had been accepted. It concluded that plaintiff's claims were barred and dismissed the complaint.

On appeal, plaintiff contends that the trial court erred in finding there was not an acceptance. She asserts that the resale of the goods by defendants was an act inconsistent with her ownership of the goods and constituted an "acceptance" for purposes of § 4–2–201(3)(c), C.R.S. Consequently, she argues, the oral contract was enforceable.

Acceptance of goods occurs when the buyer signifies to the seller that the goods are conforming or that he will retain them in spite of their non-conformity, fails to make an effective rejection, or does any act inconsistent with the seller's ownership.

Section 4–2–606, C.R.S.; *Western Conference Resorts, Inc. v. Pease*, 668 P.2d 973 (Colo.App.1983). Implicit in the definition of acceptance is an act or omission by the buyer whereby he intends to become the owner of the goods offered by the seller. *See Howse v. Crumb*, 143 Colo. 90, 352 P.2d 285 (1960); Bender's U.C.C. Service, Duesenberg & King, *Sales and Bulk Transfers*, § 2.04[4] (1986). The resale of goods by a buyer is generally an act inconsistent with the seller's ownership and, thus, is an important factor in determining whether acceptance occurred. *Haken v. Scheffler*, 24 Mich.App. 196, 180 N.W.2d 206 (1970).

The trial court made the following specific findings of fact. Plaintiff unilaterally set the retail prices of the goods she delivered to defendants and unilaterally determined when and for what prices those goods would be put on sale. On numerous occasions, plaintiff freely removed goods she had previously delivered to defendants' store without first consulting defendants, and without providing defendants a receipt, credit memorandum, or other similar document indicating a transfer of ownership of the merchandise. Finally, without any sales contract or other writing of any kind, plaintiff assumed control of defendants' store in June 1982, at which time she simply sold the merchandise then on hand in the store as her own, without any bill of sale or similar document evidencing any transfer of ownership of the merchandise.

Defendant Dana Elm testified that he informed plaintiff on numerous occasions that she was delivering excessive amounts of merchandise which he could neither afford nor sell. In addition, at no time did defendants complete written purchase orders, nor did plaintiff ever submit invoices or bills to defendants other than on an annual or semi-annual basis.

These facts support the trial court's conclusion that plaintiff intended to retain ownership and that the conduct of the defendants, in light of plaintiff's actions, did not constitute an acceptance.

Even though defendants resold some of the merchandise plaintiff had delivered,

plaintiff unilaterally determined the nature and quantity of these goods, and the resale prices. Oftentimes, plaintiff priced these goods below wholesale, but charged defendants the wholesale price plus 10 percent, thereby creating a deficiency. Thus, the trial court properly refused to consider the fact of a resale as dispositive of the issue of acceptance. Instead, it correctly determined that issue in light of the totality of the circumstances.

The issue of acceptance was a question of fact to be determined by the trial court, *House v. Crumb, supra; see also Western Conference Resorts, Inc. v. Pease, supra,* and its findings are amply supported by the evidence. Thus, we will not disturb them on appeal.

In view of this determination, we need not address plaintiff's remaining contentions.

The judgment is affirmed.

PIERCE and KELLY, JJ., concur.