### In re the ESTATE OF William Joseph EDWARDS.

### FIRST NATIONAL BANK OF LONGMONT, Conservator, Appellee,

v.

### Reginald HOWARD, Petitioner–Appellant.

### No. 89CA0732.

Colorado Court of Appeals, Div. IV.

June 7, 1990.

Flanders, Sonnesyn, Steinkamp & Christoph, James R. Christoph, Longmont, for appellee.

Julianne McCabe, Boulder, for petitioner-appellant.

Opinion by Judge REED.

Reginald Howard, professing to be a person interested in the welfare of a protected person, William Joseph Edwards, appeals the district court's order denying that he has standing to seek court orders finding Edwards to be incapacitated, for appointment of a guardian for him, and for other

appropriate orders directed to the conservator of Edwards' estate. We reverse the order of dismissal, and remand with instructions.

Edwards since 1980 has suffered from a degenerative nerve disease and requires continuous care and nursing home confinement. By a verbal agreement in 1979 and later by power of attorney, Thomas Huddleston, a friend of Edwards, agreed to handle Edwards' affairs. Huddleston, with the assistance of Howard, negotiated for the sale of a farm and certain water stock owned by Edwards. When Huddleston died in 1986, the First National Bank of Longmont was appointed conservator of the Edwards' estate.

Howard, subsequently, filed two claims against the estate of Edwards for services rendered. The conservator disallowed the claims. Although Howard has petitioned the court for a determination of the claims, as is permitted by § 15–14–428(3), C.R.S. (1989 Cum.Supp.), no determination appears in the record.

On January 13, 1989, Howard filed a verified petition requesting findings of Edwards' incapacity, for appointment of a guardian ad litem (GAL), for protective orders relating to the conservatorship, and for permission to participate in the proceeding. Further, Howard alleged that he had standing as a person who would be adversely affected by the alleged lack of effective management of Edwards' property.

Howard charged that Edwards had been wrongfully deprived of substantial sums of money as a result of Huddleston's conversion of funds received from the sale of the farm and water stock. He alleged that he had reported these facts to the conservator, but that it refused to assert any claim against the estate of Huddleston. He further averred that this mismanagement would adversely impact Howard's ability to collect on his claims for services rendered.

Howard contends that the district court erred in dismissing his petition by concluding, without a hearing, that he lacked standing. We agree.

Pursuant to § 15–14–303(1), C.R.S. (1987 Repl.Vol. 6B), any person "interested in welfare" of the incapacitated person may petition the court for a finding of incapacity, for appointment of a GAL, and for other protective orders. Similarly, under § 15–14–416(1), C.R.S. (1987 Repl.Vol. 6B), such person may petition the court for appropriate orders subsequent to the original appointment of the conservator.

Whether a petitioner may institute these proceedings is a determination of standing because only persons "interested in [the] welfare" of the incapacitated person may proceed under these statutes. Thus, a court must first determine whether the petitioner comes within this classification.

These two statutes are part of the Colorado Probate Code, § 15–10–101, et seq., C.R.S. (1987 Repl.Vol. 6B), but the phrase "interested in [the] welfare" is not specifically defined therein. However, this code does define the similar phrase "interested person" as follows:

" 'Interested person' includes heirs, devisees ... *creditors* ... and any others having a property right in or claim against ... the estate of a decedent, ward, or protected person which may be affected by the proceeding.... The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and the matter involved in, any proceeding." (emphasis supplied)

Section 15–10–201(23), C.R.S. (1987 Repl. Vol. 6B).

The interpretation of a statutory phrase, such as "interested in the welfare," is a question of law. *See Knoll v. Trans World Airlines, Inc.,* 610 F.Supp. 844 (D.Colo.1985). However, as in the definition of "interested person," its meaning requires reference to the particular facts in a given case. Accordingly, the court must consider the factual circumstances to determine whether a petitioner is a person described by that phrase.

Here, the district court considered the conflicting factual allegations set forth in the petition and response in opposition and concluded, without an evidentiary hearing,

that Howard lacked standing. We realize that the trial court has broad discretion in all matters relating to protected persons. *Sweeney v. Summers*, 194 Colo. 149, 571 P.2d 1067 (1977). We conclude, however, that in light of the specific allegations of the petition, purported to be upon Howard's personal knowledge and investigation, the court abused its discretion by resolving the issue of standing without an evidentiary hearing by which the motives and credibility of the witnesses could be ascertained.

■ We conclude that the existence of Howard's claims against the Edwards' estate does not, per se, and *as a matter of law*, preclude Howard from being a person interested in the welfare of Edwards. *See* § 15–10–201(23), C.R.S. (1987 Repl.Vol. 6B). Rather, the existence of any disqualifying conflict, based upon the assertion of adverse claims, presents issues of fact that must be initially determined by the trial court after it conducts an evidentiary hearing as to the nature and extent of the adversity involved. *See Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

By this resolution, we express no opinion as to whether Howard has proper standing or as to the merits of the petition filed by him.

Accordingly, the order dismissing Howard's petition is reversed, and the cause is remanded for an evidentiary hearing to determine whether Howard has standing to present this petition and for such other appropriate proceedings depending upon the resolution of this threshold issue.

TURSI and RULAND, JJ., concur.